## PALMER *against* HYDE.

A verdict must be manifestly and palpably against the weight of evidence, to authorize the granting of a new trial on that ground.

This was an action of *assumpsit* on a contract for making certain additions to the defendant's house. General counts on a *quantum valebat* and a *quantum meruit*, were added.

On the trial at *Brooklyn, January* term, 1822, before *Hosmer*, Ch. J., the defendant claimed, that he had paid the plaintiff in part for the work performed by him, on the contract in question, and, among other payments, had paid the sum of 70 dollars. The plaintiff admitted, that the defendant had paid him, at a certain time, that sum; but denied, that it was paid or received on the contract. Witnesses were introduced, by both the parties, in support of their respective claims; and on their testimony, the jury gave a verdict for the plaintiff, disallowing the payment claimed by the defendant. The judge, thinking the preponderance of evidence to be the other way, returned the jury to a second and third consideration; but they adhered to their verdict. On motion of the defendant, the judge then stated the evidence upon the point in question, expressing his opinion thereon in opposition to the verdict; and reserved the case for the consideration of this Court.

*Goddard* and *Judson*, for the defendant, contended, That the verdict was against evidence; and that a new trial ought to be granted.

*Frost* and *Welch*, contra.

HOSMER, Ch. J. When the verdict of a jury is against evidence, a new trial may be granted; but it must not hence be inferred, that in every case of this description, the court will direct a trial by another jury. The granting of a new trial, merely because in the opinion of the court, the verdict is rather against the weight of evidence, would reduce the trial by jury to an expensive and useless form, and take away the power vested in the jurors, by the constitution. The verdict ought to be manifestly and palpably against the weight of evidence to authorize a *venire-facias de novo;* and this is the law of *Westminster-Hall.* It certainly is proper, in this state, where the judge has the power of returning a jury, on a misdetermination in point of fact, to the third consideration, to restrict new trials, for the above cause, to cases not susceptible of any reasonable doubt.

The question, in the case before the jury, related to the

*Windham,*
*July,*
*1822.*

*Palmer*
*v.*
*Hyde.*

payment of 70 dollars, on the one part affirmed, and denied on the other. That the plaintiff received this sum, and gave the defendant his note for it, was not questioned ; but the defendant insisted, that he likewise paid to the plaintiff a similar sum, applicable to the contract in suit. On the best consideration I have been able to give the subject, I am of opinion, that the evidence adduced, supports the defendant's assertion. At the same time, from his omission to claim the 70 dollars as a payment, when his case was on trial, before the county court, and likewise in the enumeration of the payments frequently made by him, I cannot say, that the verdict is so palpably against the weight of evidence, that a new trial ought to be granted.

The other Judges were of the same opinion.

New trial not to be granted.