Mr. Justice Tkotteu
delivered the opinion of the court.
The appellant assigned two errors in the decree. 1st. It was made on motion, and before any answer filed. 2nd. That there was an issue in law undisposed of, which was raised by the demurrer, which had been previously filed.
It is a well settled rule of chancery practice, that the granting and continuing of injunctions, rest in the sound discretion of the court, to be governed by the nature of the case. 2 J. Ch. R. 204. 4 do. 173. Hence it is clear that the injunction may be dissolved in any stage of the progress of the cause, either before the filing of the answer, or afterwards, or after demurrer. 2 Maddock, 211, 352, 362. There exists no doubt, therefore, of the regularity of the order, and of the power of the chancellor to dissolve the injunction; and it only remains to inquire whether there is such a want of equity on the face of the bill as to authorize the decree which was pronounced. The doctrine that courts of chancery have the power to grant new trials- at law, or to restrain the execution of judgments which are against conscience, is too well settled to require the aid of authority to support it. We take it to be a principle also, no less sanctioned by authority and the great principle of justice, that a party can never be held bound by a proceeding against him, of which he had no notice. If it were otherwise, the most intolerable oppression and injustice might readily be practiced by the unscrupulous, the fraudulent, and the dishonest. Hence in all judgments it must be shown that the party had notice of the suit, and an opportunity to contest the validity of the title of the plaintiff. If the record furnishes evidence that the judgment was upon an ex parte proceeding, it affords no proof of the liability of the defendant, and is itself a nullity. If notice is shown by the record, it is still competent for the party to show that the judgment has been obtained by fraud, or that by some unavoidable circumstance he was prevented from making his defence. Therefore it has been determined, that if a party has a good defence at law, but has been prevented from using it by fraud or accident, unmixed with any fault or negligence on his part, a court of equity will relieve him by granting a new trial, or by a perpetual injunction. 2 Story’s Equity, 174. Thus when judgment has been obtained, and the defendant has after- *49 wards found a receipt for the debt, he has been afforded relief in chancery. 2 Story’s Eq. 179. In this case, the appellant had no notice of the suit at law. This allegation is positively and distinctly made, and would seem to bring this case within the general rule that no one shall be held bound by a proceeding without notice. As the appellant avers his absence from home at the time the writ purports to have been served, it is not necessarily contradictory of the return of the officer, to say that he had no notice. The statute authorizes service of the writ by leaving a copy at the residence of the defendant, if he is absent. It has been held in many cases, that the return of the officer is only prima facia evidence against the defendant. 4 Conn. Rep. 426. If this be so in cases where personal service is reqtiired, it should for much stronger reasons be so held in this state, under the mode of serving writs under our statute. A man might otherwise be ruined by an unjust and fraudulent proceeding against him in his absence.
Let the decree of the court below be reversed, and the injunction reinstated.