ELLEN DALEY *vs.* NORWICH AND WORCESTER RAILROAD
COMPANY.

A person injured by the negligence of another is not barred of his remedy by
the fact that at the time of the injury he was nominally trespassing upon the
premises of the person injuring him, if his trespass does not involve negli-
gence on his own part substantially contributing to produce the injury.

A child injured by the negligence of another person, is not barred of its remedy
by the mere fact that the negligence of its parents, in suffering it to wander
into a place of danger, substantially contributed to produce the injury.

A new trial will not be granted for a verdict against evidence, unless the verdict
is so manifestly against the evidence as to show that the jury adopted some
wrong principle in their deliberations, or that their minds were not open to
reason and conviction, or that in some way they were improperly and unduly
influenced.

Unless the judge of the superior court is of opinion that a verdict is against the
evidence, he ought not, in the exercise of the discretion given him by the
statute, to allow a motion for a new trial for a verdict against evidence; and
as matter of practice, it will be understood that the allowance of such a mo-
tion imports the judge's dissatisfaction with the verdict, whether the motion
states such dissatisfaction or not.

ACTION on the case, tried to the jury upon the general
issue.

The plaintiff was a child less than three years old. The
suit was brought to recover damages for injuries done to her
upon the defendants' railroad track, through the negligence
of the defendants in the management of a train of cars, while
she was playing along the track.

The defendants claimed upon the evidence in the case,
that the plaintiff, at the time of the accident, was upon the
defendants' road without right to be there, and that her own
negligence or that of her parents in suffering her to be upon
the road, exposed her to the injury complained of, and mate-
rially contributed to it; and the defendants requested the
court to charge the jury that if such was the case the plain-
tiff could not recover. The defendants further requested the
court to charge the jury that if there was a want of ordinary
care on the part of the plaintiff's parents in permitting her
to leave their house and go upon the track without any one
to watch, guard and protect her, and such want of ordinary

care materially contributed to produce the injury, the verdict must be for the defendants, unless it should be found by the jury that the injury was voluntary or caused by gross negligence on the part of the defendants.

The court did not so charge the jury, but instructed them as follows:

" 'The mere fact that the plaintiff was in a situation of peril on the defendants' road, and was there without strict right and nominally a trespasser, does not of itself furnish an answer to the plaintiff's action. These circumstances are proper to be taken into consideration on the question what care was reasonably due from the defendants on the occasion of the injury. Nor is the negligence of the parents, of the character attempted to be proved in this case, an answer to the action. In an action brought by the father, his negligence might be a defence, but in an action by a child for an injury inflicted on her through the defendants' negligence, if such negligence is proved against them, they are not relieved from the consequences of their own fault because the natural protectors of the plaintiff may also have been wanting in their duty towards her. But if the plaintiff herself was actually in fault in placing herself in this situation of peril, and her own fault and negligence materially contributed to the injury which she received, she can not recover; and the law fixes no precise age at which fault and negligence are imputable to a child. The idea of negligence implies some degree of self-control and the existence of sufficient mind and judgment to apprehend, in some measure, the consequences of conduct. The jury will consider whether the plaintiff was under the impulse of childish instincts, or whether she was of sufficient age and capacity to be properly made responsible for her conduct. Considering the very tender age of the plaintiff, I think the presumptions are strongly in favor of regarding her as free from fault or blame for being in the situation of peril in which she was. Negligence is the want of reasonable care, and in deciding what is reasonable care, the jury will, of course, look at the age and capacity of the plaintiff. But while I thus instruct you in regard to the effect of the parents' negli-

gence and of mere childish instincts, as furnishing in them-
selves answers to the action, I do not intend to say that the
circumstances under which the plaintiff was upon the de-
fendants' road are not to be considered. These circumstan-
ces may have an important bearing on the question whether
reasonable care was or was not exercised by the defendants.
In order to entitle the plaintiff to recover, you must find that
the defendants were wanting in that care which was proper
and reasonable under all the circumstances of the case, and
upon that question, the fact that the road belonged to the de-
fendants, and that the plaintiff was there without strict right,
and that the defendants had little reason to expect that any per-
son unable to protect himself would be on the road, and all
the other circumstances of the case, are proper to be taken
into account."

The jury returned a verdict for the plaintiff, and thereupon
the defendants moved for a new trial, for misdirection and
for verdict against evidence, and a rule to show cause why
a new trial should not be granted on both grounds was
allowed.

The evidence detailed in the motion, so far as any state-
ment of it is necessary to the proper presentation of the
questions of law decided by this court, is set forth by Judge
Ellsworth in giving the opinion of the court, and is therefore
here omitted.

*Hovey* and *Wait,* (with whom was *E. Perkins,*) in support
of the motion.

1. The rule is well settled that in actions for injuries by
negligence, the plaintiff is not entitled to recover if his own
want of reasonable care essentially contributed to produce
the injuries. *Birge* v. *Gardiner,* 19 Conn., 507, and cases
there cited. *Park* v. *O'Brien,* 23 id., 339. *Neal* v. *Gillett,*
id., 437. And there is no exception to the rule in favor of
children of tender years, except in cases where the injuries
complained of have been caused by gross negligence on the
part of the defendants. *Birge* v. *Gardiner,* supra. *Lynch*

v. *Nurdin,* 1 A & E. (N. S.,) 29. *Hartfield* v. *Roper,* 21 Wend.,615. *Munger* v. *Tonawanda R. R. Co.,* 4 Comst., 359.

2. The verdict was not warranted by the evidence.

*A. F. Park,* contra.

1. The charge of the court was right, and the court did not err in omitting to charge in accordance with the request of the defendants. *Lynch* v. *Nurdin,* 1 A. & E. (N. S.,) 29. *Birge* v. *Gardiner,* 19 Conn., 507. *Beers* v. *Housatonic R. R. Co.,* id., 566. *Robinson* v. *Cone,* 22 Verm., 213. *Collins* v. *Al. & Sch. R. R. Co.,* 12 Barb., 492. Redfield on Railways, 330.

2. A new trial for verdict against evidence will be granted only in a clear case, where the evidence is not contradictory, and where the verdict is manifestly and palpably against the evidence in the cause. *Bartholomew* v. *Clark,* 1 Conn., 472. *Palmer* v. *Hyde,* 4 id., 426. *Laflin* v. *Pomeroy,* 11 id., 440. *Bacon* v. *Parker,* 12 id., 212. *Bulkley* v. *Waterman,* 13 id , 328. *Jackson* v. *Packer,* id., 342.

3. The verdict was not against evidence ; but was clearly in accordance with the evidence.

ELLSWORTH, J. We do not think it necessary to examine minutely the evidence on which it is said that the jury came to a wrong conclusion in their verdict, for every cause must depend on its own circumstances ; and our business is to see that true principles of law are laid down and applied to those circumstances as they are developed.

The law with regard to the granting of new trials for a verdict against evidence has been so often before us, and is so readily apprehended and applied, that we can not think it necessary or proper to spend many words upon the subject. The general rule is, that a new trial will not be granted for a verdict against evidence, unless the verdict is so manifestly against the evidence as to make it apparent that the jury adopted some wrong principle in their deliberations, or that their minds were not open to reason and conviction, but for some cause or other were improperly and unduly influenced. If they have carefully and thoroughly examined the cause

committed to them, we do not feel at liberty to disturb the verdict merely because we might have come to a different conclusion ourselves.  *Palmer* v. *Hyde*, 4 Conn., 426.  *Bacon* v. *Parker*, 12 id., 212.   *Derwort* v. *Loomer*, 21 id., 252.

Applying now this well established rule to the present case, we perceive no cause for granting a new trial.   Indeed, were we called upon to express our own convictions after reading this evidence attentively, we should be much more likely to agree than to disagree with the jury.   The testimony on the part of the defendants alone, were there nothing more before us, is, we think, sufficient to sustain the verdict.

It appears that the defendants were at the time running a train of freight cars, some forty or fifty according to the testimony of the engineer, and some thirty or more according to another witness, through the inhabited portion of the city of Norwich ; that the rate of speed, (if we take the testimony of the engineer) was from ten to fifteen miles an hour, or (if we take that of the defendants' witnesses generally, which we are inclined to do,) from five to eight miles ; and this too around a curve completely walled in under a bridge, so that, as the engineer says, standing in his cab, he could not see the place where the accident happened when only some forty paces from it ; that at the time the train was propelled by two engines, one in front and one in rear, the former a very powerful one, the largest the company had ; and that the child was not seen more than from six to ten seconds before the engine was upon it.   These are the facts proved by the defendants' witnesses, without looking at all into the testimony of the plaintiff, and from them we must say, that, considering the circumstances, the engineer was not conducting his train in a careful and prudent manner.   He certainly did not have the control over it which he ought to have had in a city where persons are often passing and repassing over and along the track.   Indeed we think that locomotives with trains of cars attached should not be allowed to pass through the inhabited parts of our cities with such force or speed as to be incapable of immediate and absolute control, and even then, not without special care to see that the track is all

clear in its curves and more difficult places. This is not too much delay, surely, to demand of railroad companies and the public, since it is essential, in order that the people may be secure against those accidents which are incident to the use of steam power in cities unless under immediate and absolute control. If they will not submit to so much, then propelling trains by steam power should not be allowed at all, but horse power substituted, as is done in most of our large cities. We will not dwell longer upon this part of the case, except to observe, that if the judge below viewed the evidence as we do, and was not dissatisfied with the verdict, as we think must have been the case, then, in the exercise of the discretion which the statute permits, of allowing such a motion when he is of opinion that the verdict is against the evidence given in the cause, he should not have allowed the motion ; and we take this opportunity to say, that only in cases where the judge is himself dissatisfied with the verdict should a motion for a new trial for a verdict against evidence be allowed ; and further, that the allowance of such a motion we consider as importing the judge's dissatisfaction with the verdict, whether it is so stated in the motion or not ; a point of practice about which some diversity of opinion has prevailed at the bar.

Upon the question of law, whether the court should have charged the jury that if the plaintiff was wrongfully on the track or if there was a want of ordinary care on the part of the plaintiff's parents in permitting her to leave the house and go upon the road without any one to watch or protect her, and such want of ordinary care materially contributed to produce the injury, the verdict should be for the defendants, unless it should be found by the jury that the injury was voluntary or caused by gross negligence on the part of the defendants ; we entertain no doubt that the view expressed by the judge is entirely correct.

The verdict of the jury establishes the fact stated in the plaintiff's declaration, which indeed lies at the very foundation of her right of action, that her injury was caused by the negligent and improper conduct of the defendants' ser-

vants while in their business. This being so, why, we ask, should not the plaintiff recover? Is there any principle of law to the contrary?—or any circumstance that works a forfeiture of her right? Two reasons only are assigned by the counsel,—negligence in her parents, and trespass, if not negligence, in herself.

It is important, in the outset, that we understand on what exact ground it is that in actions for injuries through the negligence of the defendant, the plaintiff is not allowed to recover, when a want of care on his part. has concurred, in any material degree, in producing it. The reason was first stated in *Butterfield* v. *Forrester*, 11 East., 61, which doctrine has since been recognized and acted upon as sound law in the English courts and in this country; and no where is it more clearly and satisfactorily commented upon than in the opinion given in *Beers* v. *Housatonic Railroad Company*, 19 Conn., 566, where most of the cases in the books are referred to. "A party," says Lord Ellenborough, " is not to cast himself upon an obstruction which has been made by the fault of another and avail himself of it, if he do not himself use common and ordinary caution to be in the right. One person being in fault will not dispense with another's using ordinary care for himself." Two things must concur to support this action; an obstruction in the road by the fault of the defendant, and no want of ordinary care to avoid it on the part of the plaintiff. Mere fault in the plaintiff is not the test; it must be fault to such a degree as to amount to a want of ordinary care. So much as this the law requires from every one at all times, as thereby possibly and quite probably he would avoid the injury caused by the negligence of the other party. If a person will not bestow so much care upon himself and his actions as this, he may with truth be said to bring upon himself the injury of which he complains. But if such care would not have avoided the injury, then the plaintiff may recover by an action, for the reason that the injury is attributable to the negligence and misconduct of the defendant. I speak of the general rule, for I do not mean to call in question the doctrine of a certain class

of cases, in which it is held that fault, more or less remote, in the plaintiff, does not necessarily excuse the want of ordinary care in the defendant.

Let us now apply this doctrine to the present case. And first, it is obvious that the negligence of the parents, (if there was any,) is not the want of ordinary care in a child less than three years of age, however much such negligence might be a defence to an action by the father, had he sued the company for expenses incurred, or for loss of service. The injury is none the less caused by the negligence of the defendants' engineer, because of the plaintiff's age; and the plaintiff, as the jury have found, (and it might almost have been assumed as matter of law,) was guilty of no neglect or culpability whatever; so that notwithstanding all this, she is entitled to recover for the wrong of the other party.

Nor is there more force in the objection that the plaintiff herself participated in causing the injury by being on the track, or being there without authority, and therefore, as it is said, a trespasser. If she was a trespasser she was only technically so, and under the charge the jury must have found that she was moved only by the impulse of childish instinct, and was not old enough to be charged with fault or blame for being in a place of danger. There was certainly no negligence imputable to herself, for she had no discretion, or knowledge, or capacity, and so the jury must have found. Where then is her participating negligence, which, under the rule, bars her recovery for the negligence of the defendants or of their servants?

In another point of view, the age and situation of the plaintiff at the time were most material and very proper to be considered by the jury, and so the court instructed them,—that is, for the purpose of ascertaining whether the defendants' engineer was in fault, whether he in fact was negligent, or whether there was any thing in the age, or size, or position of the child at the time, tending to disprove his negligence. Upon this point, doubtless, the engineer was entitled to the full benefit of every circumstance bearing upon his conduct. He might insist that he was not obliged to

suppose that a child of such tender years would be on the track alone and unprotected, or in that particular place at that time; or that he was not obliged to anticipate or look out for an object so small and hardly observable, something not larger than a small domestic animal; and indeed that he was entitled to the benefit of every circumstance conducing to prove that there really was no fault or negligence on his part. We have no doubt that this was pressed upon the jury by his counsel. It certainly was proper in itself, and the charge of the court shows plainly enough that it was done. Yet, after all, the jury have found that there was negligence in the engineer, and that that negligence was the cause of the injury. This we think a perfect answer to this objection to the charge of the court.

If authority is wanted for the foregoing doctrine, we have it in the recent case of *Birge* v. *Gardiner*, 19 Conn., 507. There the plaintiff, a child under seven years, was severely injured by the falling of a gate upon it, breaking its leg. The gate was erected on the land of the defendant, on or near the line of a certain lane or public passway, leading from the highway back a few rods to several dwelling houses, in which resided as many families, containing eight or nine children, who frequently passed along the lane. This lane was the common passway for all persons from the highway to these dwelling houses, and the plaintiff was one of the children dwelling in one of the houses with his parents. It was claimed that the plaintiff was playing in the lane and near the gate, and without liberty put his hands upon it and shook it, and thereby occasioned it to fall on and injure him; and that if he had not done so the injury would not have happened. The defendant claimed that he was not liable, and urged the same reasons substantially as are urged in the present case, but the court held that they were not sufficient, and that the defendant was liable. The court say: "It becomes a question very material in this case, whether the plaintiff could be truly said to have been guilty of negligence, or such a degree of it as that the defendant could legally avail himself of it in his defence. The plaintiff was

a child without judgment or discretion, and it was submitted
to the jury to say, whether such a child ought to be charge-
able with fault so as to defeat his recovery, or whether or
not the acts done by him were not rather the result of child-
ish instinct, which the defendant might easily have foreseen."
And again the court say : " It was said in argument that
the plaintiff was a trespasser although he was a child, and
as such was responsible for the civil consequences of his own
acts of trespass.   We do not decide whether the plaintiff
was a trespasser or not.   There are many acts deemed acts
of trespass which involve civil liabilities where there is no
fault, and on the ground that where one of two innocent
persons must suffer, he who is the proximate cause of the
injury must be responsible for it.   But this is not a case
between faultless parties.   The negligence of the defendant
is here the cause of action, and he is alone liable for the
entire consequences of it, unless there has been fault on the
plaintiff's part."

The case of *Lynch* v. *Nurdin*, 1 A. & E. (N. S.,) 29, is one
of the same character.   There the plaintiff, a boy under
seven, without authority got up into the defendant's cart,
which, with the horse attached, his servant had left standing
alone in the street, at the door of a house where he had gone
in, and where he remained for a half hour.   While he was
absent children gathered about the cart, and the plaintiff hav-
ing mounted it was getting off and was on the shaft when
another boy led the horse along, which threw the plaintiff
out, and the wheel passed over his leg and broke it.   The
jury found that the negligence of the defendant's servant
was the cause of the accident.   The court say : " It is
urged that the mischief was not produced by the mere neg-
ligence of the servant, as asserted in the declaration, but at
most by that negligence in combination with two other
active causes,—the advance of the horse in consequence of
his being excited by another boy, and the plaintiff's improper
conduct in mounting the cart and so committing a trespass
on the defendant's chattel.   On the former of these two
causes no great stress was laid, and I do not apprehend that

it can be necessary to dwell at any length, for if I am guilty of negligence in leaving any thing dangerous in a place where I know it to be extremely probable that some other person will unjustifiably set it in motion to the injury of another, and if that should be so brought about, I presume that the sufferer might have redress by action against both or either of the two, but unquestionably against the first. If, for example, a game-keeper, returning from his daily exercise, should place his loaded gun against a wall in the play ground of school-boys, when he knew them to be in the habit of pointing toys in the shape of guns at one another, and one of them should playfully fire it off at a school-fellow and maim him, I think it will not be doubted that the game-keeper must answer in damages to the wounded party. But in the present case an additional fact appears. The plaintiff has himself done wrong. He had no right to enter the cart, and abstaining from doing so, would have escaped the mischief. Certainly he was a co-operating cause of his own misfortune by an unlawful act, and the question arises, whether that fact alone must deprive the child of his remedy." The court held that it would not, and in support of the doctrine cited *Butterfield* v. *Forrester*, supra; *Ilot* v. *Wilks*, 3 B. & Ald., 304, (the well known case of the spring guns;) *Bird* v. *Holbrook*, 4 Bing., 628; and *Dean* v. *Clayton*, 7 Taun., 489. *Robinson* v. *Cone*, 22 Verm., 213, is a case of marked character, supporting the doctrine throughout. A boy sliding down hill in the public street was struck and seriously injured by a sleigh, which the jury found was in consequence of the inattention and carelessness of the driver. He recovered heavy damages. Other cases might be cited, but these are sufficient to show that the law is as we have stated it. Indeed, the case cited from our own reports is quite decisive of the question we are considering.

For these reasons we do not advise a new trial.

In this opinion the other judges concurred.

New trial not advised.