## HOUSATONIC RAILROAD COMPANY *vs.* NELSON KNOWLES.

A railroad lay open to the highway, which ran by the side of it, for fifty-nine rods. The defendant, who lived near by, had milked his cows in the highway, where they were left to be driven to a pasture on the other side of this place. A boy who had charge of them started them along and stopped a short time at a neighboring house for a cow to be milked which he was to drive with them, and while he was waiting the cows strayed upon the railroad track. It was 8 o'clock in the evening in July, and nearly dark, and a train of cars was then overdue on the railroad. The train soon came along, ran over one of the cows, and was thrown off the track, and badly damaged. In a suit brought by the railroad company, the defendant claimed that the plaintiffs had not exercised proper care, and a large amount of evidence was introduced on both sides on the subject. The jury returned a verdict for the defendant, and the plaintiffs moved for a new trial on the ground that the verdict was against the evidence. Held:—

1. That the negligence of the defendant in the circumstances was of the grossest kind.

2. That upon the question of the plaintiffs' negligence, the preponderance of the evidence was in their favor and the jury ought to have so decided.

3. But that this preponderance was not so great as to evince that the jury were unable to understand, or in fact misapprehended the law or the evidence, or that they were influenced by partiality, prejudice, or other improper motive; and a new trial was denied.

ACTION on the case, for damage to the cars of the plaintiffs in being thrown from the track, by running upon a cow of the defendant, negligently allowed by him to stray upon the track.

On the trial to the jury on the general issue, it appeared that a short distance from the defendant's house the railroad lay open to the highway, which ran along the side of it, for fifty-nine rods, and was crossed by the highway at each end of this space; that on an evening in July the defendant's cows had been milked in the highway, and were to be driven to pasture, immediately after, by his son, ten years of age—the pasture lying on the other side of the place above described where the railroad and highway lay open to each other; that after he had started them along the road the boy stopped on his way at the house of his brother, whose cow he was to drive with them, and waited for him to milk the cow, which he did at once; that it was 8 o'clock and nearly dark; that at this

time a train of cars was overdue on the railroad; and that while the boy was waiting the cows got upon the track, and the train coming along ran over one of them, and was thrown from the track and badly damaged.

The defendant claimed and introduced much evidence to show that the plaintiffs had not used proper care to avoid the accident, and particularly that the train was going at an unusually rapid rate, that the whistle was not blown, and that the engineer was not on the lookout. The plaintiffs denied all · this, and introduced much evidence to show that they had used proper care. The jury returned a verdict for the defendant, and the plaintiffs moved for a new trial on the ground that the verdict was against the evidence. The motion presented the evidence in full, but the general principles involved in the decision will be sufficiently understood without a statement of the evidence.

*Hawley* and *G. W. Peet*, in support of the motion.

*Loomis* and *Taylor*, contra.

BUTLER, J. The verdict in this case is against the preponderance of the evidence, but not so manifestly as to bring the case within the rule approved by this court in *Daley* v. *Norwich & Worcester R. R. Co.*, 26 Conn., 591.

The negligence of the defendant was gross, and if the case turned on that alone, so irresistibly is it proved, that we should not hesitate to say that the jury must have been under the influence of some mistake, misapprehension, or improper motive. There was a space fifty-nine rods in length of the railroad, accessible from a parallel highway the whole distance, and crossed by the highway at either end, upon which cattle would naturally stray, or be driven by passing people and teams. Cattle could not be safely trusted one moment upon any part of that highway, at or near the time for the passing of trains, without being under the immediate and instant control of a keeper or driver. Under such circumstances the cows should not have been permitted to pass on

Housatonic Railroad Co. *v.* Knowles.

towards the railroad, while the boy who had them in charge waited at his brother's for that brother's cow to be milked. Because they were thus permitted to pass on without and beyond control, when there was a probability that they might get upon the track and at a time when a train was overdue, they did in fact stray upon it, and one of them was struck by the engine. No argument can avoid the irresistible logic of the admitted facts. The negligence was unquestionable and gross.

On the other hand, the peculiar character of the place, the more than ordinary danger of finding cattle there at that time of day, the waning of the twilight and the lateness of the train, all required more care on the part of the officers in charge of the train in approaching that place, than was requisite at other times, or at ordinary and direct road-crossings. Whether the requisite degree of care, under the circumstances, was or was not used by the plaintiffs' agents, was an important issue and the evidence conflicting. The preponderance of the evidence was with the plaintiffs, and the verdict should have been the other way.

But, making allowance for the impressions as to the credibility of the witnesses from their appearance and manner, which the jury might properly get, we can not say that the preponderance was such as to evince that they must have rendered the verdict because they were unable to understand, or misapprehended, the law or the evidence; or because their minds were not open to conviction; or were influenced by partiality, prejudice or other improper motive.

A new trial must be denied.

In this opinion the other judges concurred; except SANFORD and DUTTON, Js., who did not sit, the former being interested, and the latter having been counsel in the case.