THE CITY OF NEW HAVEN *vs.* THE NEW YORK, NEW HAVEN AND HARTFORD RAILROAD COMPANY.

Third Judicial District, New Haven, June Term, 1899. ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

The layout of a city street across the track of a railroad company, without notice to the latter and without compensation to it for the land taken, as required by statute authorizing the layout, is a substantial defect and one available to the railroad company in a suit to enjoin it from obstructing the street crossing.

Land may be dedicated for a highway by the lessee of a railroad, provided the lessee acts with the knowledge and concurrence of the lessor.

Whether such knowledge and concurrence are necessary to a valid dedication by the lessee, *quære.*

Finding a material fact without evidence and refusing to find a fact which appears to have been admitted or undisputed, are errors which this court will review upon appeal. But an alleged fact is not to be treated as admitted or undisputed merely because a witness who was not directly contradicted testified to it, if it appears that the court did not credit the testimony; nor is it to be assumed that a fact was found without any supporting evidence merely because the weight of evidence may seem to be opposed to the conclusion drawn by the trial court.

A document purporting to be "Land Plans," etc., of the railroad company whose track crossed the *locus in quo,* was admitted in evidence without proof of its authenticity other than the fact of its production from proper custody where it had been kept for more than thirty years, the court holding it to be admissible for certain purposes but not admissible, in view of the evidence as to its accuracy, "as a map of the land in controversy." *Held* that the error in this ruling, if any, was not, upon a trial to the court and in view of the facts found, material.

Argued June 20th—decided August 1st, 1899.

SUIT for an injunction to restrain the defendant from digging trenches and erecting fences across Hazel and Ivy streets in New Haven, brought to the Superior Court in New Haven County and tried to the court, *Roraback, J.;* facts found and judgment rendered for the plaintiff as to Ivy street and for the defendant as to Hazel street, and appeal by each party

for alleged errors in the rulings and findings of the court. *No error.*

As to Hazel street the material issue of fact was formed by a denial of this allegation: "For more than thirty years there has been a highway known as Hazel street, which crosses as a highway the railroad track known as the Northampton Division of the defendant."

As to Ivy street the material issue of fact is exactly similar.

There are no questions of law involved in the judgment except the question, did the court err in its conclusions from the facts found, that Hazel street is not a highway and that Ivy street is a highway as alleged?

The material facts found as to Hazel street are as follows: In 1867 the city of New Haven commenced proceedings to lay out Hazel street, but no notice was ever given to the New Haven and Northampton Co., owner of the land proposed to be taken, nor to the New York and New Haven Railroad Co., its lessee, and no benefits or damages were ever assessed in favor of or against either of said companies. Thereafter, steps were taken by the city to complete the formal layout of the highway. The New Haven and Northampton Co. owns the land upon which Hazel street is claimed to cross the railroad, without any right of the public to pass over it as a highway; and the convenience and necessities of the public do not urgently require that this crossing should be kept and used for highway purposes. In 1847 Hazel street was opened across the railroad at grade, and planks were laid at the place where said street was constructed across said railroad, to wit, one plank at each side of each rail; but it does not appear by whom said planks were laid. In 1869 the New Haven and Northampton Co. took possession of its railroad, which had been leased to the New York and New Haven Railroad Co. since 1849, and operated the same until 1887. In 1877, the planks of said Hazel street being worn out, the city council ordered the railroad company to lay planks at this point, and since that time the public has occasionally crossed at this place although the crossing has not been planked since

that date.   In 1887 the New Haven and Northampton Co. leased its railroad to the New York, New Haven and Hartford Railroad Co., the defendant.

Upon the foregoing facts the plaintiff claimed that Hazel street is a highway which crosses, as such, the railroad track of the defendant.   The court did not sustain this claim and refused the injunction asked for.

The material facts found as to Ivy street are as follows: The highway known as Ivy street has been in existence since 1802, and has been used its entire length for the purposes of travel, both with teams and by those on foot, almost continuously from that day until the present time.   The necessities and convenience of the public demand that the Ivy street crossing should be kept and used as a highway.   In 1827 a canal was built, and substantially at the present location of Ivy street a structure was placed across it which was used by all having occasion to cross the canal on Ivy street, both by teams and by foot passengers.   In 1836 the New Haven and Northampton Co. was chartered, and succeeded to the rights and duties of the company that built the canal, and in 1846 the New Haven and Northampton Co. was authorized to construct a railroad substantially along the banks of the canal. In 1846–1847 the New Haven and Northampton Co. built a railroad through the city of New Haven along the bank of the old canal, and across Ivy street, which was then known as a highway and used by both teams and foot passengers, and was and had been used as a boundary of lands in deeds since 1802.   Shortly after the construction of said railroad, planks were placed between the rails of the railroad track and said track was crossed by all persons having occasion to use Ivy street, until 1849, when the New Haven and Northampton Co. leased the road to the New York and New Haven Railroad Co., which latter road occupied under the lease until 1869, when it expired.   During all said period Ivy street was continued as a highway and known to be such, and a crossing with suitable planking was maintained across said railroad track.   After the expiration of the lease the New Haven and Northampton Co. maintained a crossing on Ivy street

from 1869 to 1877, when the planks were removed. There-
upon, after order of the city council, the planks were replaced
and the crossing made convenient, and the public did during
all this period cross. the tracks at grade on Ivy street, both
by teams and on foot, whenever any person using the high-
way had occasion to do so. In 1884, without notice, with-
out taking any steps to have the crossing discontinued, and
without any hearing, the New Haven and Northampton Co.
dug trenches across the highway on either side of their track.
From the time the railroad track was built up to 1882, the
ordinary railroad crossing signal was maintained by the rail-
road company, and the crossing was in all respects treated
by it as a railroad crossing. The New Haven and North-
ampton Co. knew that the public was so using this crossing,
and were willing to have the public use the property as and
for a crossing, and intended to have them do so, and assisted
them therein. Since 1884 this crossing has not been planked,
but the public generally have traveled across it both on foot
and with teams, and have used it continuously as a crossing
up to the date of trial. No question was ever raised by either
the New Haven and Northampton Co. or its lessee, at any
time prior to 1877, in regard to Ivy street being a highway
on either side and across its tracks, and no steps were taken
by the railroad company or anybody else to discontinue said
highway, except by digging said trenches. The court finds
as a fact, that so far as the railroad company had any control
over this highway it has dedicated the land across said tracks
to the use of the public as a highway, and the public has
always used the same and have accepted it as such. Ivy
street has been recognized as a highway by the city of New
Haven at all times since it came within the city limits, and
has been improved and treated as any and every other high-
way within the city limits. In 1887 the New Haven and
Northampton Co. leased its railroad to the defendant, who
has ever since been in possession of the same under said lease,
and in 1897 dug trenches across Ivy street on either side of
its track.

Upon the foregoing facts the plaintiff claimed that Ivy

street was a highway, and as such crossed the railroad track known as the Northampton Division of the defendant. The court sustained the claim and rendered judgment granting the injunction.

During the trial the defendant offered in evidence, as a map of the land in controversy, a book or document marked "Land Plans of The N. H. & N. Co. from New Haven to Plainville." This document was unsigned, undated, with no marks of authenticity, and no competent evidence to show who made it, or under what circumstances it was made, excepting that it was said by a former employee of the company now dead, that it was a copy made by him from some other document not before the court. It was not shown that the document from which the copy was said to have been made was made by actual survey, how, when or by whom it was made, or how the facts, figures and information were obtained, or that it was made at the instigation or request of the railroad company, or of any person who had any interest therein. It did not appear when this document offered in evidence was deposited or came into possession of the defendant company, but it was shown that it had been in possession of the New Haven and Northampton Co. more than thirty years. Upon objection the court excluded the document, and the defendant excepted.

Subsequently the defendant offered the same document for the purpose of locating and describing the boundaries and dimensions of certain land conveyed to the New Haven and Northampton Co. by one Eli Ives, by a deed referring to the land plans in the office of the New Haven and Northampton Co. for a more particular description of the land thereby conveyed, and the court admitted said document for the purpose aforesaid.

The defendant filed a motion to correct the finding of the court, and various exceptions to the finding as made and to the refusal of the court to correct as requested, and these exceptions are stated in the appeal. Such portions of the evidence as the defendant and plaintiff requested, are certified.

The plaintiff's appeal assigns for error the conclusion of the court upon the facts found, that Hazel street was not a highway across the tracks of the defendant company.

The defendant's appeal assigns for error (in addition to the exceptions to the finding) that the court erred in its conclusion upon the facts found, that Ivy street where it crosses the defendant's tracks is a highway by prescription or dedication; in overruling the defendant's claim that Ivy street could not legally be constructed as a grade crossing since June 12th, 1883; and in excluding the document marked "Land Plans of the N. H. & N. Co. from New Haven to Plainville."

*William H. Ely* and *Howard C. Webb*, for the plaintiff.

*George D. Watrous* and *Henry F. Parmelee*, for the defendant.

HAMERSLEY, J. Upon the plaintiff's appeal no error can be claimed, unless the proceedings of the city court of common council constituted a valid layout as against the defendant. It is found that no notice of these proceedings was given to the defendant or its lessor, and that no benefits or damages were assessed against or in favor of them. The statute by authority of which the layout was made, required reasonable notice to be given to all owners of land proposed to be taken, and made the completion of the layout dependent on the payment of compensation. 5 Private Laws, 597, 598. It is further found that defendant's lessor owns the land upon which Hazel street is claimed to cross the railroad, without any right of the public to pass over it as a highway. The defect in the layout is substantial as against the defendant, and is one of which it is entitled to take advantage in this action. *Keifer* v. *Bridgeport*, 68 Conn. 401, 407–411. There is no error upon the plaintiff's appeal.

As to the defendant's appeal. It is conceded that there was no evidence of a formal layout of Ivy street. The court has found a highway by prescription, which has existed since

1802, and which has also existed by the dedication of the defendant and its lessor, so far as they had any control, since about 1848.

The defendant claims that during the lease of the New Haven and Northampton Co. to the New York and New Haven Co., i. e. from 1849 to 1869, the latter company, being the lessee or tenant, had no power to dedicate a highway as against the former company, the owner of the fee. If the rule here invoked can apply to the dedication of a highway by a railroad company chartered by this State operating a railroad under a lease for a term of years of the whole property and franchise of another company also so chartered (*Driscoll* v. *Norwich & W. R. Co.*, 65 Conn. 230, 252), it certainly has no application to a case like this where the lessee acts with knowledge and concurrence of the lessor. In such case the tenant is the agent of the landlord. *Twiss* v. *Baldwin*, 9 Conn. 291, 308.

The plaintiff is not seeking in this action for authority to construct a new highway across a railroad track; and the statute (Public Acts of 1883, p. 284) cited by the defendant, which forbids the construction of a new highway across a railroad at grade, has no application.

It is too plain for argument that the facts found justify the conclusion of the court, that Ivy street is a highway crossing the defendant's tracks. The brief of the defendant does not seriously contest this. The claims most strongly urged all depend upon this court's finding upon the evidence a series of facts different from those adjudicated by the trial court. This we cannot do. Of the grounds of exception to the finding which are stated, the only ones we can entertain are that the finding includes a material fact which is entirely unsupported by evidence, or omits a material fact which appears to have been admitted or undisputed. On inspection of the evidence we find no ground for such exceptions.

The defendant seems to think that a fact is admitted or undisputed, simply because a witness has so testified and his statement has not been directly contradicted, when it plainly appears that the court did not credit the statement;

and that a fact is found without any supporting testimony whenever the claim can be made that the evidence against it is stronger than the evidence in its support. This is an entire misapprehension of the law plainly stated in recent decisions.

We incline to think that the fact that the document marked "Land Plans," etc., was produced from its proper custody, where it had been kept for more than thirty years, dispensed with other proof of its authenticity, *i. e.* that it was what it purported to be. At all events the court admitted it as being the "Land Plans," etc. ; holding it to be admissible for the purpose of locating certain land conveyed to the defendant's lessor by a deed which referred to the "Land Plans," etc., for a more particular description, but not admissible "as a map of the land in controversy." The defendant claims that ruling to be erroneous. Whether the infirmities which the court found attached to the document as a map of the land in controversy, *i. e.* the highway where the railroad was built across it, went wholly to its weight and not to its admissibility, is not quite clear. *Wooster* v. *Butler,* 13 Conn. 309, 314; *Noyes* v. *Ward,* 19 id. 250, 269. But assuming it to have been technically admissible as such map, we do not see how its rejection for that purpose can have injured the defendant. It was in fact in evidence and before the court; the infirmities found, which in the judgment of the court made it too unreliable for admission, certainly went to its authority, so that the error of the court, if any, in dealing with the map, was largely theoretical. In view of the facts found, the result must have been the same had the document been formally admitted for every purpose. Of course, if the trial had been to the jury, the question would be of a different character.

There is no error upon the defendant's appeal.

There is no error in the judgment of the Superior Court.

In this opinion the other judges concurred, BALDWIN, J. with hesitation as to the point that no harm was done to the defendant by the exclusion of the land plans.