ONNI PETROMAN ET AL. *vs.* OTTO ANDERSON.

Second Judicial District, Norwich, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, JS.

The finding in a case tried to the jury is a mere statement of what the parties offered evidence to prove and should, therefore, set forth all claims in support of which some evidence was presented.

Ancient documents more than thirty years old and found in the proper custody, such as a deed dated 1854 and a map reciting measurements by surveyor as of 1827, prove themselves and are admissible to establish ancient possession.

Declarations concerning the boundaries of real estate, made before the controversy in suit arose, by a deceased owner who had full knowledge of the facts and no incentive to misstate them, are admissible in evidence; and a sketch, used for purposes of illustration by the witness to whom the declarations were made, is also admissible, its weight being for the jury to determine.

Petroman *v.* Anderson.

One who would avoid the penalty prescribed by § 6140 of the General Statutes for cutting timber upon the land of another, upon the ground that he did so "through mistake and believed that the timber was growing on his own land," has the burden of proving his mistake and that it was an honest one.

That a verdict is against the weight of the evidence is not a proper assignment of error.

A defendant cannot complain of a plaintiff's verdict because the amount thereof is less than that which could reasonably have been reached upon the evidence.

Argued October 19th—decided December 16th, 1926.

ACTION to recover damages for the alleged unlawful cutting and removal by the defendant of timber from the land of the plaintiffs, brought to the Court of Common Pleas for New London County and tried to the jury before *Waller, J.;* verdict and judgment for the plaintiff for $264, from which the defendant appealed. *No error.*

*Telley E. Babcock,* for the appellant (defendant).

*Charles V. James,* with whom, on the brief, was *Arthur M. Brown,* for the appellees (plaintiffs).

HAINES, J.   This action was brought under the provisions of the General Statutes, § 6140, the essential portions of which are as follows: "Every person who shall cut, destroy or carry away any trees, timber or underwood, standing or lying on the land of another, or on town commons, or on any common or undivided land, without license of the owner, and all who shall aid therein, shall pay to the party injured one dollar for every tree or pole under one foot in diameter; and for all trees of a diameter of one foot or more three times their value; but when the court shall be satisfied that the defendant was guilty through mistake, and believed that the timber was growing on his own land, it shall render judgment for no more than its true

Petroman v. Anderson.

value." The land in question lies in the town of Griswold and the dispute involves the division line between the plaintiffs' farm and the farm of the son of the defendant. The defendant offered evidence, which is undisputed, that he had the permission of his son to cut the trees in question, and Otto Anderson, Junior, and the defendant both claimed that the son owned the land from which the trees were cut. The defendant claimed that if the land was found to be the property of the plaintiffs, then the trees were cut by him under an honest mistake within the meaning of the statute, so that only the true value of the trees should be assessed against him. The burden was upon the defendant to prove the mistake. The jury found against the defendant upon both of these questions, assessed damages for $264 and rendered its verdict accordingly, and the court entered judgment thereon and for costs. A motion to set aside the verdict was denied and this action is the subject of three of the reasons of appeal: first, that the verdict "was against the evidence, the weight of the evidence and the law, and because the verdict was excessive"; second, because there was no evidence of wilful cutting and the defendant should be held in any event for no more than the true value of the trees; and third, because the amount of the verdict exceeded the value of the trees as stated in the evidence. The remaining reasons of appeal are based upon the refusal of the court to find the facts as the defendant requested in various particulars; claimed errors in the admission in evidence of a certain deed, an old map of the plaintiff's farm and a rough sketch of the same, as well as the refusal to strike out certain evidence, and lastly, by claimed error in a portion of the charge.

As to the corrections of the finding: The action of the court in refusing to strike out paragraphs eight,

nine, eleven, twelve, thirteen and fourteen of the finding, on the ground that there is no evidence to support them, was correct. A careful examination of the transcript shows that for the most part there is direct evidence in support of the facts claimed by the plaintiffs, and as to those not so supported, they are inferences of fact which the jury might reasonably have drawn from the evidence.

The refusal to add to the finding paragraphs twenty-five, thirty-one, thirty-two, thirty-nine, forty, forty-one, forty-two and forty-three of the draft-finding, was erroneous. It appears from the transcript that there was some evidence offered by the defendant in support of these claims and they should be allowed. Paragraphs thirty-five, thirty-six and thirty-seven were properly refused. It should be borne in mind that this is a jury finding, which is merely a statement of what the parties "offered evidence to prove" and cannot, like a court finding, contain the conclusions of the court.

The paragraphs referred to in "C" are recitals by the court of the situation existing when the evidence objected to was offered. They are not findings of fact in the strict sense of the word. The evidence, however, seems to furnish reasonable support for them. The refusal to strike out was not erroneous.

While there appears to have been some confusion in the testimony of the witness Pierce, referred to in "D", the last statement was that both his father and Eggleston showed him the bounds. The retention of this paragraph was not erroneous.

The statements by the court of the ground upon which the deed and map were admitted are unexceptionable as such. The deed is dated 1854 and the map recites the measurements by surveyor as of 1827, and both were found in the proper custody. They were ancient documents—more than thirty years old—and

as such, prove themselves, i.e., that they are what they purport to be. It also appears that the plaintiffs had the information which an examination of the map discloses, at the time of their purchase. Such ancient documents are properly admitted to prove ancient possession. *McMahon* v. *Stratford,* 83 Conn. 386, 76 Atl. 983; *Hamilton* v. *Smith,* 74 Conn. 374, 50 Atl. 884; *Beach* v. *Whittlesey,* 73 Conn. 530, 48 Atl. 350; *New Haven* v. *New York, N. H. & H. R. Co.,* 72 Conn. 225, 44 Atl. 31; *Merwin* v. *Morris,* 71 Conn. 555, 42 Atl. 855.

The only evidence to which exception was taken by the defendant, as disclosed by the record, was in answer to the question, "Who did you put the fence up for?" Both the question and answer are harmless. If counsel had other testimony in mind it was not excepted to of record.

The sketch referred to was made by Walter A. Pierce, who, as above pointed out, said that he had been shown the bounds by Eggleston, the then owner, when the witness was a boy. This obviously was before this action arose, Eggleston was dead at the time of the trial, he had knowledge of the bounds and there appears to have been no incentive to misstate. These conditions make this evidence admissible. *Turgeon* v. *Woodward,* 83 Conn. 537, 548, 87 Atl. 577. As illustrating the statements of the witness, the sketch was admissible, though its weight was for the jury. The objection that it does not show courses and distances only affected its weight.

The statute, General Statutes, § 6140, provides a penalty for unlawfully cutting timber on land of another, but it is further provided that if the defendant cut "through mistake, and believed that the timber was growing on his own land," he is liable in damages for no more than the true value of the timber. The mistake and belief here referred to mean of course an

honest mistake and belief. That portion of the charge referred to is a fair statement of the distinction which the jury were properly to keep in mind between a cutting under such honest mistake and judgment and any other cutting.

The defendant further claims error in the refusal of the trial court to set aside the verdict of the jury. There are four grounds alleged: (1) that the verdict was against the evidence, (2) against the weight of the evidence, (3) against the law, and (4) that the verdict was excessive.

The second ground is not a proper assignment of error. This court has nothing to do with the weight of the evidence, "unless the verdict is so manifestly against the evidence as to make it apparent that the jury adopted some wrong principle in their deliberations, or that their minds were not open to reason and conviction, but for some cause or other were improperly or unduly influenced." *Daly* v. *Norwich & Worcester R. Co.,* 26 Conn. 591, 594; *Laukaitis* v. *Klikna,* 104 Conn. 355, 356, 132 Atl. 913; *Richard* v. *New York, N. H. & H. R. Co.,* 104 Conn. 229, 232, 132 Atl. 451; *Housatonic Railroad Co.* v. *Knowles,* 30 Conn. 313, 314.

As to the claim that the verdict was excessive: Since the issues were found for the plaintiffs and their Exhibit B furnishes the number and sizes of the trees, we can calculate their value based upon the plaintiffs' testimony, which the jury had before it. They divided these one hundred and thirty-six trees into three classes: (a) All trees up to and including thirty feet in length they valued at $1 each. There were one hundred and twenty-seven of these, valued at $127. (b) All trees twelve inches or over in diameter and thirty-five feet in length, $2 each. There were eight of these, valued at $16. (c) The tree twenty-one

inches in diameter and forty feet in length, $3. The total value placed by the plaintiffs on all the trees was thus $146.

They were entitled to recover under the statute: (a) For all trees under one foot in diameter, $1 each; of these there were ninety-seven, total $97. (b) For all trees one foot or more in diameter, three times their value; there were thirty-nine of these. The plaintiffs have placed a value on thirty of them at $1 each, or $30; upon eight of them at $2 each, or $16; and upon one of them $3; a total of $49.

Turning now to the statute: Three times this value of $49 is $147; adding to this the $97 above referred to gives $244 as the statutory right of recovery. Taking the most favorable view of the plaintiffs' claim, therefore, the jury could not properly have given a verdict for more than $244 and interest.

The charge is a fair statement of the rules of law and a correct guide to the jury upon the issues of the case. Whatever view we might take upon the conflicting evidence put before the jury, it was their province to resolve the doubt and determine what should and what should not be believed. We are unable to find any indication of prejudice, corruption or partiality in the action of the jury.

Taking account of the correction made in the finding and the rulings upon evidence as set forth in the record before us, we are satisfied that a verdict for the plaintiffs could not unreasonably have been given by the jury for $244 and interest. This would have amounted to $285.56 and the defendant cannot therefore complain of a verdict for $264. The judgment should stand.

There is no error.

In this opinion the other judges concurred.