[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDA RE: MOTION FOR MODIFICATION AND CLARIFICATION (109) AND MOTION FOR CONTEMPT (108) CT Page 10421
These are post-judgment motions made by both parties in connection with a decree entered on April 1, 1991. Under the terms of that judgment, the parties, with the consent of the court, incorporated a separation of even date into the decree of dissolution. The defendant now asks the court to clarify Paragraph 20 of the separation agreement concerning "Day Care" to conform with his understanding that payments made in connection therewith should constitute a credit to his weekly obligation of support. In addition or in the alternative, the defendant would like the court to modify the support payments to include the day care obligation but not to exceed the payment as presently suggested under the current support guidelines.
The parties agree that based on the current affidavits, if the court were to order support in accordance guidelines, the defendant's obligation would be $133.00 per week for the support of both minor children. The defendant has not made any payments beyond the current weekly support order of $125.00 to reimburse the plaintiff for additional day-care expenses because of his understanding of the separation agreement. The plaintiff, who interprets Paragraph 20 of the separation agreement to require the defendant to pay his portion of the day-care expenses in addition to his weekly support obligation, has filed a motion for contempt.
The court can construe or "clarify" the separation agreement as the defendant seeks. Greenburg v. Greenburg, 26 Conn. 591; Barnard v. Barnard, 214 Conn. 99 (1990). A "fair and reasonable" reading of the agreement and Paragraph 20 would lead the court to conclude that the intent of that agreement was that the payment of day-care expenses would be in addition to the payment of support. If the parties intended the day care expense be a credit toward the support, they would have said that in the agreement. Furthermore, if the parties intended the day-care payment to be included as support they would have provided for that in Paragraph 10 entitled "Support". The court finds, therefore, that the defendant is obligated to pay to the plaintiff one half of the day care expenses. The parties agree that one half of the day care expenses from April 1991 to September of 1992 is $4,190.00. The parties cannot agree as to the expenses from that date since the plaintiff alleges to have paid them in cash and does not have any receipts. Without some CT Page 10422 written verification of these additional expenses, the court will not increase the reimbursement obligation over the agreed amount. The court will therefore order the defendant to pay to the plaintiff for his share of the day-care expenses under Paragraph 20 the agreement the sum of $4,190.00. Since the plaintiff is obligated to pay to the defendant the sum of $5,000.00 under Paragraph 8, the defendant's obligation can be offset against the payment soon to be due because of the remarriage of the plaintiff.
The court does not find that the defendant's failure to reimburse the plaintiff for the day-care expenses was an intentional disregard of an order of this court, but was an honest misunderstanding of the decree and the separation agreement, and therefore, the court will deny the plaintiff's motion for contempt.
Finally, the defendant moves to modify either the order of support, to reduce it so that the day-care payment be a credit toward the support payment, or to eliminate the defendant's obligation under Paragraph 20 to pay the day-care expenses. Clearly, this court can modify support at any time under C.G.S.46b-56. In this case, the court can even modify the provisions of Paragraph 20 since the separation agreement Paragraph 24 "Modification" specifically provides that this court can modify the agreement. See Barnard v. Barnard, supra at 115.
The defendant argues that the modification is warranted because of substantial change in circumstances. The court does not find a substantial change in circumstances as claimed by the defendant. The defendant's income has not decreased since the date of the decree of dissolution and there was no other evidence presented which has convinced this court that it should either reduce the support order or modify the provisions of Paragraph 20 of the separation agreement.
The court will modify the order of support so that the defendant shall be obligated to pay to the plaintiff the sum of $133.00 per week for the support of the two minor children. In addition, the defendant will be obligated to comply with the provisions of Paragraph 20 of the separation agreement incorporated into the decree of dissolution requires the defendant to pay one-half of the day-care expenses.
/s/ Pellegrino, J. PELLEGRINO CT Page 10423
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.]
CT Page 10423-I