### STATE v. SOCIETY FOR ESTABLISHING USEFUL MANU-FACTURES.

1. The caption of an indictment may, at common law, be amended according to the truth.
2. An excavation adjoining a public highway, or so near thereto that a person, lawfully and with ordinary care, using the way, might, by accident, fall into it, is *per se* a nuisance, unless proper means are adopted to guard against the occurrence of such accidents.
3. Whether, if the excavation existed before the highway was laid out, the land-owner is bound to provide guards against persons falling into it, *quære?* But, in an indictment against the land-owner for maintaining the nuisance, the pre-existence of the highway need not be averred.

On motion to quash indictment.

Argued at June Term, 1880, before Justices DIXON and REED.

For the motion, *S. Tuttle* and *John Hopper.*

Contra, *A. B. Woodruff.*

The opinion of the court was delivered by

DIXON, J. The defendant moves to quash this indictment.

The first reason assigned is that the caption is fatally defective, because, in stating the time when the court was held at which the indictment was presented, the year is alleged to be "the year of our Lord one ―――― eight hundred and seventy-nine."

The caption is no part of the indictment itself; it is merely a history of the proceedings preliminary to the finding of the indictment. It is drawn up by the prosecuting attorney, or clerk of the court, often not until after judgment, or until it becomes necessary to certify the proceedings had. The facts which it recites are evidenced *aliunde*, in the minutes

State v. Society for Establishing Useful Manufactures.

and files of the court wherein the indictment is found, and these sources, therefore, usually afford indubitable proof to correct any falsity or supply any defect existing in the caption itself.    Hence, it was distinctly adjudged by this court, in *State* v. *Jones,* 4 *Halst.* 357, that the caption might, at common law, be amended according to the truth, and that such amendment could be made either in the court below, after remission of the indictment to that court, or in this court, upon proper evidence of the facts and of the entries in the minutes of the inferior tribunal.

In the present case, the indictment shows, upon its face, that it was presented at the term of April, in the year one thousand eight hundred and seventy-nine, and there is no possibility of doubt that the caption should state that as the true year.    It may, therefore, be amended accordingly.

The second objection urged against the indictment is that it does not set forth facts showing the defendant to be guilty of a misdemeanor.

The indictment alleges that the defendant was the owner and possessor of a certain raceway, which ran along and adjoining to the sides of certain public streets in Paterson, which raceway carried waters of the defendant, of the depth of three feet; that it was the duty of the defendant to so protect the sides of said raceway that persons traveling along said streets might not fall therein, but that the defendant, disregarding this duty, kept and maintained said raceway not sufficiently protected to prevent persons from falling therein, and unlawfully neglected and omitted to guard said raceway so that persons traveling along said streets should not be liable to fall therein, to the common nuisance, &c.    The specific objections here interposed are, first, that one making lawful excavations upon his own land, adjoining a highway, owes no duty to guard those passing along the highway from falling therein; and, second, that if there be such a duty, it relates only to excavations made after the highway became such, and therefore the indictment should aver that the highway existed before the excavation.

As to the first ground, while the decisions are not entirely uniform, the great weight of authority is against the defendant.

In *Howland* v. *Vincent*, 10 *Metc.* 371, an excavation had been made by the defendant, within a foot or two of a public street, and the plaintiff, passing along the street, had, without negligence, fallen into it. Held, that the defendant was not responsible. But, although the judge delivering the opinion of the court seems to assume that the defendant's right would protect him, even if his excavation had gone to the line of his estate, yet he places the decision upon the ground that the plaintiff was outside of the highway when she met with the accident, and would have received no injury had she kept within it.

On the other hand, many cases establish or recognize the doctrine that an excavation adjoining a public highway, or so near thereto that a person, lawfully and with ordinary caution, using the way, might, by accident, fall into it, is *per se* a nuisance, and only ceases to be such when proper means are adopted to guard against the occurrence of such accidents. *Coupland* v. *Hardingham*, 3 *Camp.* 398; *Barnes* v. *Ward*, 9 *C. B.* 392; *Hardcastle* v. *S. Y. R. & R. D. Co.*, 4 *H. & N.* 67; *Hounsell* v. *Smyth*, 7 *C. B.* (*N. S.*) 731; *Binks* v. *S. Y. R. & R. D. Co.*, 3 *B. & S.* 244; *Hadley* v. *Taylor*, *L. R.*, 1 *C. P.* 53; *Birge* v. *Gardiner*, 19 *Conn.* 507; *Beck* v. *Carter*, 6 *Hun* 604; *Temperance Hall Association* v. *Giles*, 4 *Vroom* 260; *Vanderbeck* v. *Hendry*, 5 *Vroom* 467.

Upon the second point, that if the excavation exist before the highway is laid out, the land-owner is not bound to guard the public from falling into it, the law is perhaps more doubtful. While it is held to be no answer to an action for maintaining a nuisance, that the plaintiff acquired the rights in respect to which he is damaged, after the nuisance was created, and with knowledge of its existence—*Bliss* v. *Hall*, 4 *Bing. N. C.* 183; *Tipping* v. *St. Helen's Smelting Co.*, *L. R.*, 1 *Ch. App.* 66; *Same* v. *Same*, 4 *B. & S.* 608, 616, and 11 *H. L. C.* 642—yet, in *Fisher* v. *Prowse*, 2 *B. & S.* 770, and in

*Robbins* v. *Jones*, 15 *C. B.* (*N. S.*) 221, it was decided that where land, upon or contiguous to which an excavation exists, is dedicated to the public as a highway, the dedication must be taken to be made to the public, and accepted by them, subject to the inconvenience or risk arising from the actual condition of things. Whether this doctrine applies only to highways created by dedication, and whether it is consistent with the other principle just mentioned, or, if not, which should prevail, it is unnecessary now to determine, because, we think, the pre-existence of the excavation is a matter to be affirmatively proved in defence, and not to be negatived, in the first instance, by the prosecutor. In many of the cases already cited, the declarations fail to aver that the highway was laid out before the excavation was made, but no objection to their sufficiency was taken, on this ground; and in principle, such an allegation cannot be requisite. In both civil and criminal pleading, it is enough to state those facts which show that the defendant is liable, of common right. 1 *Chit. Pl.* 383; *State* v. *Hageman*, 1 *Green* 314; *State* v. *N. J. Turnpike Co.*, 1 *Harr.* 222; and if there be any special facts which relieve the defendant from the common obligation, they must be brought forward by him, and need not be denied, in anticipation, by the prosecutor. Now, the general rule is that the public is entitled to have every highway safe for travel, and therefore, that whosoever impairs the safety of a highway, commits a misdemeanor. The indictment, in this case, brings the defendant within the range of this general principle. If the defendant has a right to render the highway unsafe, that right is a special one, and its existence cannot be assumed, but must be proved.

The indictment is therefore sufficient, and the motion to quash is denied.