## BIRGE *against* GARDINER.

Though a defendant has been guilty of culpable fault or negligence, producing an injury, yet if his act was not wanton and intentional, and the plaintiff, by his own misconduct or want of ordinary care, essentially contributed to produce the result, he cannot recover.

And in determining whether the plaintiff has been guilty of such misconduct or want of care as will defeat a recovery by him, the tender age of the plaintiff, in connexion with the circumstances of the case, is a material and proper subject of enquiry.

Therefore, where the defendant having set up a gate on his own land, by the side of a lane, through which the plaintiff, a child between six and seven years of age, with other children in the same neighbourhood, were accustomed to pass from their places of residence to the highway, and *vice versa ;* the plaintiff, in passing along such lane, without the liberty of any one, put his hands on the gate and shook it, in consequence of which, it fell on him and broke his leg; in an action for this injury, the court instructed the jury, that if the defendant was guilty of negligence, he was liable for the injury, unless the plaintiff, in doing what he did, was guilty of negligence, or misbehaviour, or of the want of proper care and caution ; and in determining this question, they were to take into consideration the age and condition of the plaintiff, and whether his conduct was not the result of childish instinct and thoughtlessness : after a verdict for the plaintiff, it was held, that the charge was unexceptionable.

*It seems,* that the fact of the plaintiff's being a trespasser in the act which produced the injury complained of, will not necessarily preclude him from a recovery against a party guilty of negligence.

Birge
*v.*
Gardiner.

THIS was an action on the case, alleging, that the defendant, on the 10th day of *August* 1847, did negligently, carelessly and unlawfully set up and erect a certain gate, of great size and weight, *viz.* about 15 feet long and 5 feet high, and about 500 pounds weight; and as the plaintiff was afterwards, on the same day, walking over the ground near said gate, as he lawfully might, said gate fell over upon the plaintiff; whereby, and by reason of the carelessness and negligence of the defendant in setting up and erecting the same, the plaintiff was thrown violently upon the ground, and one of his legs was broken, and other injuries were inflicted upon him, in various parts of his body.

The defendant pleaded the general issue, with notice that he should offer evidence to prove, that if the plaintiff had sustained any injury from the falling of said gate, it was induced by his own improper conduct and neglect.

The cause was tried at *Litchfield, February* term 1849.

On the trial, it was agreed, that at the time of the injury complained of, the plaintiff was a child, between six and seven years of age. It was proved, and not denied, that the gate mentioned in the declaration, was erected upon the land of the defendant, on or near the line of a certain lane, or public passway, leading from the highway back, a few rods, to several dwelling-houses, in which resided as many families, containing eight or nine children, who frequently passed along said lane; that this lane was the common pass-way for all persons passing to and from the highway to and from such dwelling-houses; and that the plaintiff was one of the children dwelling in one of those houses, with his parents.

The defendant claimed to have proved, that a few hours before the injury happened, the plaintiff was playing in said lane, and near said gate; that without the liberty of any person, he put his hands on the gate, and shook it; and that also, at the time of the injury, as he was passing along the lane from the highway to his home, he again, without liberty, put his hands on the gate and shook it, and thereby occasioned it to fall upon him; and if he had not so done, the injury complained of would not have happened. There was no evidence that the plaintiff knew that the gate was insecure.

The defendant thereupon requested the court to charge the jury, that this action could not be sustained.

The court charged the jury, that if the defendant was guilty of negligence, as claimed by the plaintiff; and if the plaintiff was injured, by the falling of the gate; the defendant was liable in this action, unless the jury should find, that the plaintiff, by taking hold of and shaking the gate, and causing it to fall, as claimed by the defendant, was guilty of negligence, or misbehaviour, or the want of proper care and caution. And in determining this question, it was proper for and the duty of, the jury, to take into consideration the age and condition of the plaintiff; whether his conduct was the result of any fault or negligence on his part, and whether it was not the result of childish instinct and thoughtlessness.

*Litchfield,*
*July, 1849.*

Birge
*v.*
Gardiner.

The jury returned a verdict for the plaintiff, with 168 dollars, damages; and the defendant thereupon moved for a new trial for a mis-direction.

*J. H. Hubbard* and *G. H. Hollister*, in support of the motion, contended, 1. That from the facts disclosed in the case, it was apparent, that the injury resulted from the plaintiff's own fault and carelessness; which precluded him from a recovery, even if, in the opinion of the jury, there was some degree of negligence in the defendant. The gate was upon the land of the defendant; and the plaintiff, in climbing upon it, was a trespasser. 1 *Sw. Dig.* 552. *Butterfield* v. *Forrester*, 11 *East,* 60. *Blyth* v. *Topham, Cro. Jac.* 158. *Brock* v. *Copeland,* 1 *Esp. R.* 203. *Bush* v. *Brainard,* 1 *Cowen,* 78. *Rathbone* v. *Payne,* 19 *Wend.* 399. *Sarch* v. *Blackburn,* 4 *Car. & Pa.* 297. ( 19 *E. C. L.* 394.)

2. That the plaintiff's being an infant, does not vary the case. An infant is liable for all his acts *ex delicto*.

*Seymour* and *F. Bacon,* (a) contra, contended, 1. That if

(a) This was the last case argued by Mr. *Bacon*, in this court.

He was the youngest son of *Asa Bacon*, Esq., an eminent lawyer, whose name often appears as counsel in the earlier volumes of these reports, and is one of the few counsellors of that day, who are still living. FRANCIS, the subject of this notice, was born at *Litchfield, Conn.,* in *January* 1820, and graduated at *Yale-College*, in 1838. His legal studies, preparatory to his admission to the bar, he pursued, in his native village, under the direction of *Origen S. Seymour*, Esq. In 1840, he was admitted to the bar. Two years afterwards, he removed to *Lancaster, Penn.,* and there established himself in the practice of the law, in partnership with *Thaddeus Stevens*, Esq., a distinguished advocate of that place. There, a fair prospect of success in his pro-

a man so uses or leaves his property as to produce injury to another, he is liable in all cases, except those of unavoidable accident. *Wakeman* v. *Robinson,* 1 *Bing.* 213. (8 *E. C. L.* 300.) *Daniels* v. *Potter,* 4 *Car. & Pa.* 262. (19 *E. C. L.* 375.) *Piggot* v. *Eastern Counties Railway Co.* 3 *M. G. & S.* 228. (54 *E. C. L.* 228.) *Bullock* v. *Babcock,* 3 *Wend.* 391. *Church of the Ascension* v. *Buckhart,* 3 *Hill,* 193. 1 *Sw. Dig.* 551, 2, 3.

2. That the charge, at any rate, was unexceptionable. Grant that the negligence of the plaintiff may defeat his right of recovery : so the court instructed the jury ; and the law has gone to no farther extent than the doctrine laid

fession, opened upon him at once, which was regularly widening and brightening, when, in 1844, the lamented death of his elder brother, *Epaphroditus C. Bacon,* Esq., at *Seville,* in *Spain,* induced him to return to his native place, that he might more advantageously aid in solacing the grief of his bereaved parents. Here he renewed, with increased success, the practice of his profession. "His highly honourable deportment," says Ch. J. *Church,* "his amiable and courteous manners and promising talents at the bar, soon bore him on toward the highest rank in his profession, and made him a favourite with his professional brethren, with the courts and with the public."[*]

In 1847, and again in 1848, he was first clerk of the house of representatives in the General Assembly of this state. On the reorganization of the military system, in 1847, he was placed at the head of the militia, with the rank and title of major-general ;—an office which he sustained with great credit to himself and to the state. In the spring of 1849, he was elected a senator in the legislature of this state, from the 15th district. The duties which devolved upon him in this situation, inexperienced as he was, he discharged with promptness, tact and ability. Firm in the principles he professed, he was courteous to his opponents, and enjoyed the respect and kind regards of all.

He died, at *Litchfield, September* 16th 1849, in the 30th year of his age, after a sickness of about three weeks. The severity of his disorder, during its progress, occasioned some mental alienation ; but his last hours were unclouded and calm ; and he departed this life *a professing christian.*

Here, at the close of this brief sketch, the inquisitive reader may inquire, what were the peculiar traits of his mind and character, which gave him such distinction, at so early an age ? Was he profoundly learned ; was he imaginative and brilliant ; was he sententious and forcible ; was he perspicacious and acute ; was he vehement and overpowering ; was he, indeed, conspicuous for any particular characteristic of mind or manner ? His best friend will answer—Not so, in any remarkable degree ; and yet it may be safely added, that he possessed what was of more value—a *well balanced mind.* This gave him entire self-possession, and secured the confidence of others. His moral qualities, also, were *symmetrical.* His manliness, frankness, social feeling and high sense of honour, harmonized with his intellectual endowments, and, all combined, made him what he was.

[*] Obituary notice, appended to Rev. Dr. *Fuller's* funeral discourse. P. 23.

down in the charge. The jury were merely directed to ascertain, as a matter of *fact,* whether the conduct of the plaintiff amounted to negligence; and if they found such negligence, the charge allowed the full benefit of it to the defendant.

3. That the same acts, which, in an adult, would constitute such negligence or misbehaviour as would preclude him from a recovery, would not have that effect, in the case of an infant of tender years. *Dixon* v. *Bell,* 1 *Stark. R.* 287. 289. *Lynch* v. *Nurdin,* 1 *Ad. & Ell. N. S.* 29. 38, 9. (41 *E. C. L.* 422. 426.)

Churcн, Ch. J. This action was brought against the defendant for negligently placing and leaving a heavy gate, so that the plaintiff, a child under the age of seven years, was severely injured, by its falling upon him, and breaking his leg. It was agreed that the gate was erected, by the defendant, upon his own land; and he denied any negligence. But he claimed, if he had been in fault, that the falling of the gate and the injury of the plaintiff were caused by the wrongful and negligent conduct of the plaintiff himself, by shaking and pulling the gate, without any necessity, and by an act of trespass on his part.

The principle is well settled, that although a defendant has been guilty of culpable fault or negligence, producing an injury, yet if his act was not wanton and intentional; and if the plaintiff, by his own misconduct, or neglect amounting to the want of ordinary care, essentially contributed to produce the result, he cannot recover. *Vanderplank* v. *Miller,* 1 *Moo. & Malk.* 169. (22 *E. C. L.* 280.) *Pluckwell* v. *Wilson,* 5 *Car. & Pa.* 375. (24 *E. C. L.* 368.) *Luxford* v. *Large,* 5 *Car. & Pa.* 421. (24 *E. C. L.* 391.) *Williams* v. *Holland,* 6 *Car. & Pa.* 23. (25 *E. C. L.* 261.) *Woolf* v. *Beard,* 8 *Car. & Pa.* 373. (34 *E. C. L.* 435.) 2 *Stephens N. P.* 10. 18. *Lynch* v. *Nurdin,* 1 *Ad. & Ell. N. S.* 29. (41 *E. C. L.* 422.) *Rathbun* v. *Payne,* 19 *Wend.* 399. *Beers* v. *Housatonuc R. Road Co., post.* It therefore became a question very material in this case, whether the plaintiff could be truly said to have been guilty of negligence, or such a degree of it, as that the defendant could legally avail himself of it, in his defence. The plaintiff was

a child, without judgment or discretion ; and it was submitted to the jury to say, whether such a child ought to be chargeable with fault so as to defeat his recovery ; or whether or not the acts done by him, were not rather the result of childish instinct, which the defendant might easily have foreseen ? It might perhaps have been going too far, for the court to have said, as a matter of law, that a child of this age could not be so blameworthy as to excuse the defendant. We will not say, that such cases may not be imagined, **or** may not sometimes occur. But it was favourable to the defendant, and he cannot complain of it, that the age and condition of the plaintiff, connected with the circumstances of the case, were put to the jury, for them to determine what degree of fault, if any, was imputable to the plaintiff. It cannot be claimed, that the law would require the same acts of caution and prudence in a child, as in a man. Very much the same course was taken, by the judge at *Nisi Prius*, in the case of *Lynch* v. *Nurdin*, above cited, and was approved by the court of *Queen's Bench.*

It was said in argument, that the plaintiff was a *trespasser*, although he was a child, and as such was responsible for the civil consequences of his own acts of trespass. We do not decide, whether, in this case, the plaintiff was a trespasser, or not. There are many acts deemed acts of trespass, which involve civil liabilities, where there is no fault ; and on the ground, that where one of two innocent persons must suffer, he who is the proximate cause of the injury, must be responsible for it. But this is not a case between faultless parties. The gross negligence of the defendant is here the cause of action ; and he alone is responsible for the entire consequences of it, unless there has been *fault on the plaintiff's part.*

There is a class of cases, in which defendants have been holden responsible for their misconduct, although culpable acts of trespass by the plaintiffs, produced the consequences ; as in the cases of spring-guns and man-traps, &c. Vide *Johnson* v. *Patterson*, 14 *Conn. R.* 1.

We think this case was properly submitted to the jury ; and that there ought not to be a new trial.

In this opinion the other Judges concurred, except WAITE, J., who was not present.

New trial not to be granted.