KATE L. WILMOT, ADMINISTRATRIX, *vs.* MICHAEL MC-PADDEN, JR., ET AL.

Third Judicial District, New Haven, June Term, 1905.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, JS.

It is within the discretion of the trial court to overrule *pro forma* a demurrer which is not filed until the day of the trial and which attacks the answer for formal defects only.

The substantial rights of parties ought not to be determined upon a motion to strike out a defense.

Wilmot v. McPadden.

Facts which are admissible under a denial of the allegations of the complaint may nevertheless be properly pleaded as a "second defense," if they explain or qualify the denial and thus serve to make it more fairly meet the substance of the allegations denied.

A landowner who sells an old house to competent and experienced masons and builders, under an agreement that they shall demolish and remove it in a safe and proper manner, as they might have done, is not responsible to a stranger who is injured by the negligent acts or omissions of such independent contractors while engaged in tearing down the house.

In an action for common-law negligence resulting in the death of an infant, the fact that the culpable negligence of his parents, in allowing him to wander unattended into a place of danger, concurred with that of the defendant in producing the injury, will not of itself preclude a recovery of damages by the infant's administrator; nor, *it seems*, will the parents' negligence operate as an estoppel to a recovery by the administrator even if the damages awarded might, under the statute (§ 399), be distributable to the parents themselves.

Before such an estoppel, however, can be invoked by a defendant, it must be pleaded and proved by him.

Argued June 7th—decided October 6th, 1905.

ACTION to recover damages for personal injuries resulting in the death of the plaintiff's intestate and alleged to have been caused by the defendants' negligence, brought to the Superior Court in Fairfield County where a demurrer to the second defense was sustained (*Thayer, J.*), one to the amended answer overruled (*Reed, J.*), and the cause was tried to the jury before *Reed, J.;* verdict and judgment for the defendants, and appeal by the plaintiff. *Error, judgment set aside and cause remanded.*

The complaint alleges that the three defendants were owners of a piece of land on which stood an old wooden dwelling-house in a ruined and dilapidated condition, having two brick chimneys, and that for several days prior to May 3d, 1903, the three defendants had been tearing down said house so that on said May 3d only a part of said building, including the foundations, the first floor and the two brick chimneys, was left standing ; that on May 3d said building was uninclosed and unguarded, was of a character calculated to attract children, and was negligently maintained by the

three defendants in a condition likely to cause injury to children who might go in and around said building; that the defendants did not maintain a watchman at said building nor give any notice of its dangerous condition; that on the afternoon of May 3d the plaintiff's intestate, a boy of about seven and one half years of age, was playing on the first floor of said house which was being torn down, with other children of about his own age, and while he was so playing one of the chimneys fell, whereby he was injured, suffered much pain, and shortly afterwards died; that said injuries were caused solely by the negligence of the three defendants in maintaining said building in the condition above described, and in not maintaining a watchman or otherwise giving notice of said dangerous condition, and that the injured boy was entirely free from contributory negligence.

The defendants Heery and Whalen made a joint defense and filed a joint answer. Their answer as amended admits the existence of the wooden house on the piece of land as alleged, admits that prior to May 3d they had been engaged in tearing down said house so that on May 3d only a part of the building was left standing, including the foundations, the first floor and the two brick chimneys; and denies the paragraphs alleging that the building on May 3d was left unguarded and was negligently maintained by them in a dangerous condition likely to attract children and to cause injury to those who might go upon it, the facts and manner of the injuries to the plaintiff's intestate, that his injuries were due solely to the negligence of the defendants in the particulars alleged, and that the plaintiff's intestate was entirely free from contributory negligence. The answer also alleges that (1) the plaintiff's intestate was a trespasser upon the house; (2) that if the building was in a dangerous condition it was rendered so without the defendants' knowledge by the plaintiff's intestate or other trespassers; (3) that any danger in the building was patent and obvious to any one, and the plaintiff's intestate assumed all risks when he trespassed thereon; and (4) that the

contributory negligence of the plaintiff's intestate and the malicious acts of his playmates and fellow trespassers was the occasion of the injury to him.

The plaintiff demurred to the above-numbered statements in the answer, specifying as reasons of demurrer that it appears from the complaint—if all the allegations thereof are to be taken as true—that each of such statements is either untrue in fact or insufficient in law. This demurrer was filed on the day of the trial and overruled by the court, *pro forma,* that the trial might proceed, whereupon the plaintiff denied said statements and alleged that her decedent was of such immature years that he could not commit trespass, nor perceive the dangers existing on the premises, nor be capable of contributory negligence, and that his playmates were of such immature years that they could not be responsible for their acts,—and the defendants Heery and Whalen denied these allegations.

The defendant McPadden made a separate defense, through separate counsel, and filed a separate answer. His amended answer (1) admits that he was on May 3d, 1903, the owner of the land on which the dwelling-house in question stood; (2) denies that the dwelling-house was at the time of its removal old and untenantable and in a ruined and dilapidated condition; (3) says that in answer to paragraphs 3 and 5 to 12 of the complaint, the defendant McPadden had no knowledge or information thereof sufficient to form a belief. "*Second Defense.* 1. On and prior to May 3d, 1903, this defendant was the owner of certain premises in Bridgeport: the parcel of real estate described in paragraph 1 of the complaint. 2. On or about the 1st day of May, 1903, this defendant sold to the defendants Patrick Heery and Martin Whalen, for a valuable consideration, a certain two-story frame building standing upon said premises, and in furtherance of the agreement hereinafter set forth surrendered to them the possession and control thereof. 3. As a part of said transaction and in consideration thereof, this defendant entered into an agreement with said Heery and said Whalen, whereby said

Heery and Whalen agreed to demolish and remove said building from. this defendant's lot in a safe and proper manner, and using due care and diligence in the performance thereof. 4. Said building was then in a safe condition and capable of being torn down upon said premises and removed without danger to any persons, and in its character and situation would not be a source of any danger in the process of such demolition and removal. 5. Said Heery and Whalen were masons and builders by trade and competent and experienced in the kind of work involved in the performance of said contract, which required peculiar knowledge and experience, and this defendant used due care in selecting them to perform the same. 6. This defendant did not reserve or exercise any direction or control over said work or in the selection of the servants and agents of said Heery and Whalen by whom said work was in fact performed, and he was only interested in the result contracted for; and said Heery and Whalen acted in the premises and in all the alleged acts and omissions set forth in the complaint in their capacity as independent contractors and not as the servants or agents of the defendant McPadden. 7. The acts and omissions complained of were not rendered necessary by the due performance of said contract, but any dangerous condition existing on said 3d day of May, 1903, and caused by the state of said building or parts of said building, or from the alleged unguarded condition, were created solely by the mode of performing and in violation of said contract by said Heery and Whalen."

The plaintiff filed a motion to strike out the allegations of this answer, following the words " *Second Defense*," first, because all said allegations were immaterial, irrelevant, and evidential; second, because all said allegations appeared in other words in the original answer as filed by the defendant, and were then demurred to by the plaintiff, which demurrer was then sustained by the court, and thereby the sufficiency of the defense contained in said allegations of the amended answer was decided. This motion was granted by the court (*Elmer, J.*), on the ground that if there were good reasons

·for sustaining the demurrer to the original answer they were still applicable to the amended answer.

*Carl Foster*, for the appellant (plaintiff).

*Henry E. Shannon*, for the appellee (defendant McPadden).

HAMERSLEY, J.    The trial court did not err in overruling *pro forma* the plaintiff's demurrer to the amended answer of Heery and Whalen ; the court might properly regard the reasons specified in the demurrer as inadequate to demand a change in the answer at that time.

The court was wrong in striking out the allegations in McPadden's answer specified in the plaintiff's motion.    In his original answer McPadden had included a " second defense."    Upon demurrer to this defense the judge then holding the court, treating the allegations as constituting an independent defense in the nature of a plea in bar, properly held them to be insufficient, inasmuch as they were not coupled with denials of certain allegations in the complaint which were necessary to make them a complete answer to the cause of action stated.    But the allegations of the original second defense were substantially different from those in the amended answer, and the· reasons for sustaining the demurrer to that defense were not applicable to the amended answer.    And even if this were doubtful, the doubt is a substantial one which could not properly be disposed of on a motion to strike out.    *Whitney* v. *Cady*, 71 Conn. 166, 170, 171 ; *Freeman's Appeal*, ibid. 708, 717.    But striking out these allegations did not justify the plaintiff in objecting upon the trial to admission of evidence in support of facts they allege.    These were relevant to several of the issues raised by McPadden's denials of the specific allegations in the complaint.    It was proper that they should have been alleged, because they were explanatory of the denials and thus served to make the denials more fairly meet the substance of the allegations denied.    Where a defendant fails to qualify a denial by the statement of such facts, and so misleads and surprises the plaintiff upon trial, the court

may have a discretionary power for the prevention of injustice. But no such discretion could be invoked in the present case; the plaintiff was fully apprised of the real issue involved, raised by the defendants' denial, and was precluded by her own conduct from claiming that the facts relevant to that issue ought in fairness to have been stated in the answer.

The substance of the plaintiff's charge against McPadden is this: that being the owner of the land he undertook to tear down and remove the house standing thereon; that while so removing the house he negligently left, during the 3d day of May, 1903 (which was Sunday), a brick chimney standing in a dangerous condition without furnishing a watchman or other means of warning the public of the danger. It seems to us too plain for argument that the facts stated in the expunged part of McPadden's answer, and which he claimed to have proved upon the trial, would, if proved, fully sustain his denial of the negligence charged against him, and justify the jury in returning a verdict in his favor. *Lawrence* v. *Shipman*, 39 Conn. 586; *Norwalk Gas Light Co.* v. *Norwalk*, 63 id. 495, 526. The court did not err in charging the jury to this effect, and the objections to the portions of the charge in which the court dealt with this question, and which are assigned by the plaintiff as erroneous, are not well taken.

The court charged the jury as follows: " I charge you that if the defendants were guilty of negligence, as claimed by the plaintiff, and if the plaintiff's intestate was injured by the falling of the chimney, the defendants are liable in this action unless the jury should find that the plaintiff's intestate was guilty of negligence or misbehavior or the want of proper care and caution. And in determining this question, it is proper for, and the duty of, the jury to take into consideration the age and condition of the plaintiff's intestate, whether his conduct was the result of any fault or negligence on his part, and whether it was not the result of childish instinct and thoughtlessness. And in this connection I say to you, that if this child was injured by the negligence of the defendants, the plaintiff

would be barred of her remedy by the fact, if it was so, that the negligence of its parents in suffering it to wander into a place of danger substantially contributed to produce the injury, inasmuch as it appears that in this case the parents are in a position to be benefited by a recovery." And later in the charge, in dealing with the written requests of the plaintiff, the court said: " I have already charged you that if the parents of the decedent were negligent, the plaintiff cannot recover, inasmuch as it appears that the parents of the child would be benefited by a verdict rendered in favor of the plaintiff " ; and at the close of the charge, in dealing with the written requests of the defendants, the court read to the jury the following request: " If the boy was himself too young to be aware of the danger, there still can be no recovery against the defendants if his parents knew of it and allowed him to go there to play," and then said, " and that I charge you, as I have already charged you, is correct."

We think these instructions were erroneous. The questions involved have been discussed by courts in other jurisdictions and the opinions expressed or implied are not in entire accord. The differences may be due largely to the different effect given to statutory regulations. There is no occasion at this time to examine these cases. For the purposes of the present case it is sufficient that under our common and statute law the following propositions must be regarded as settled: An infant as well as an adult may recover damages for injuries caused by the negligence of another; in such suit the plaintiff must allege and prove that his own fault did not concur with the fault of the defendant as a proximate cause of the injury, which concurrence of the fault of two wrongdoers by which one of them is injured is called contributory negligence on the part of the injured party. *Park* v. *O'Brien*, 23 Conn. 339, 345 ; *Bartram* v. *Sharon*, 71 id. 686, 689. When the plaintiff is an infant of tender years, that fact is one circumstance to be weighed by the jury in determining the fact of culpable negligence in the defendant, and also in determining the

fact of contributory negligence in the plaintiff. If the jury is satisfied that in fact the plaintiff by reason of his extreme youth was incapable of committing a culpable fault or negligence in his acts or omissions as proved, the plaintiff has sustained his allegation that his own fault did not concur with that of the defendant in causing the injury. (In certain cases this question may be practically one of law.) *Birge* v. *Gardiner*, 19 Conn. 507, 511 ; *Daley* v. *Norwich & W. R. Co.*, 26 id. 591, 598. The fact that the fault of a third party may have concurred with that of the defendant in producing the injury, does not prevent the plaintiff from pursuing his remedy separately against the defendant for his tort, and it is immaterial that this concurring fault of a third party is that of an infant plaintiff's parents in negligently permitting their child to be unattended in a place of danger. *Murphy* v. *Derby Street Ry. Co.*, 73 Conn. 249, 252. A right of action for negligence having accrued to the injured party, the cause of action survives, and after his death the action may be brought by his administrator, who sues in place of his intestate and is entitled to recover on the same grounds damages measured by the same rule as if the action had been brought by the injured party in his lifetime. Public Acts of 1903, p. 149, Chap. 193. These propositions plainly involve the conclusion that in an action for common-law negligence resulting in injury to an infant, surviving to and brought by an administrator, the fact that the culpable negligence of the infant's parents concurred with that of the defendant in producing the injury, although it may possibly have some relevancy as one of all the surrounding circumstances to the question of the defendant's, or of the infant's, culpable negligence, is not by itself a material fact and cannot by itself be a bar to the plaintiff's right of recovery.

By statute, however, when the injuries alleged in such an action result in death, the damages recoverable are limited to $5,000, and the distribution of the amount recovered by the administrator is governed by a special statute of distribution (§ 399). The claim is advanced,

that the legal effect of these statutory regulations is to vest in the statutory distributees such an interest in the action brought by the administrator that their culpable negligence contributing to the infant's injury would operate as an estoppel to any recovery by the administrator. We do not see any ground for such a construction of the statute, and, if the claim advanced were correct, it would have no application to this case, for such an estoppel must be pleaded and proved by the defendant.

The court plainly erred in instructing the jury that the plaintiff would be barred of her remedy by the fact, if it were so, that the negligence of the child's parents substantially contributed to produce the injury. It may not be quite clear that this error was harmful, for the court adds: "The testimony, as I remember it, was that the parents had forbidden the boy to go near this house, which injunction he disobeyed"; but we think that the instruction, repeated as it was in different parts of the charge, was calculated to convince the jury that they might properly find that the negligence of the parents substantially contributed to their child's injury, and that this fact was a bar to the plaintiff's recovery.

The other errors assigned do not call for special mention. They are either not well taken or insufficient to warrant a new trial.

If the verdict had been in favor of the defendant McPadden and against the other defendants, there might be ground for holding that the error of the court did not affect the verdict for McPadden, and therefore a separate judgment for him should be affirmed; but as the verdict was in favor of all the defendants, it is evident that it might have been based as to all upon the fact that the negligence of the parents of the injured boy substantially contributed to his injury. The plaintiff is entitled to a new trial.

There is error, the judgment of the Superior Court is set aside and the cause remanded for further proceedings according to law.

In this opinion the other judges concurred.