Louis St. Cartier, an Infant, by C. Ford Hinman, His Guardian ad Litem, Respondent, *v*. The New York, New Haven and Hartford Railroad Company, Appellant.

Second Department, June 27, 1917.

**Railroads — negligence — injury to minor, who had climbed signal structure, from contact with electric wires on pole maintained by another company — evidence — assumption of risk — trespassers — licensees — attractive nuisance.**

In an action for personal injuries received in the State of Connecticut it appeared that the defendant had erected a metal signal structure within its right of way, including a railed platform twenty feet high reached by a ladder which was necessary for the use of defendant's servants; that inclining toward said structure was a wooden pole used by another railway, the crossarms of which supported electric wires of high and dangerous voltage, and that the plaintiff, a boy between eleven and twelve years of age, climbed the ladder to the platform and while waving his arms came in contact with one of the wires on the wooden pole and was injured.

Evidence examined, and *held*, insufficient to sustain a verdict for the plaintiff.

The plaintiff assumed all risks of danger incident to the then condition of the premises.

The court does not distinguish between mere trespassers or bare licensees.

The defendant was entitled to have the court instruct the jury " that they cannot predicate a verdict upon the proposition that this was an attractive nuisance or attractive thing and attracted any child up there."

The plaintiff was bound to establish active negligence.

Appeal by the defendant, The New York, New Haven and Hartford Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Westchester on the 8th day of December, 1916, upon the verdict of a jury for $5,000, and also from an order entered in said clerk's office on the 22d day of December, 1916, denying defendant's motion for a new trial made upon the minutes.

*Edward R. Brumley* [*John M. Gibbons* with him on the brief], for the appellant.

*Charles S. Hamilton* [*Charles J. Dunlap* with him on the brief], for the respondent.

Jenks, P. J.:

The plaintiff gained a verdict at Trial Term in his action for negligence. The defendant had recently set up a metal signal structure for its railroad work. The structure included a railed platform at the height of 20 feet, reached by a permanent ladder with rungs that began one foot from the ground and were one foot apart. The ladder was necessary to the use of the structure by the defendant's servants. Near this structure was a wooden pole that for some time had been used by another railway. Crossarms of this pole supported electric wires of high and dangerous voltage. The pole inclined somewhat towards the signal structure. The witnesses for the plaintiff estimate that the space between the rail of the platform of the signal was from 10 to 15 inches; those for the defendant from 2½ feet to 4 feet. There was some testimony that the said wires were 3 feet or more above the rail of the platform. The plaintiff, a lad between 11 and 12 years of age, climbed up this ladder to the platform, and while waving his arms in gesticulation came in contact with one of the wires on the wooden pole, and was severely injured.

The structure stood within the defendant's right of way in the State of Connecticut. The plaintiff pleaded and offered proof to sustain his plea that the law of that State cast liability upon the defendant for negligence. He gave proof that wayfarers were accustomed to pass along this right of way from time to time, that sometimes children had played

near and about the place of the structure, and that he and other children had on some occasions climbed the structure. There was no proof that the defendant affirmatively had countenanced or had permitted or knowingly had suffered such play or such ascents. There was proof some workmen on the track had seen the plaintiff climb up the structure on a previous occasion and had not interfered with him. And there was proof that it was the duty of the defendant's employees to drive away any children that were trespassing on the tracks.

At the close of the proof the court, without exception, granted defendant's motion to strike out any claim of negligence based upon the failure of the railroad company to have fences at or near the place of the accident, but denied, under exceptions, defendant's motions to dismiss the complaint based upon any negligence alleged to have resulted from the custom of people to walk across or up and down the tracks, whether that happened frequently or infrequently, or based upon the fact that the public generally used the railroad property in the vicinity of the pole, or that the pole and its equipment was an attractive nuisance, or the construction of the pole or the proximity of the high voltage wires, or upon construction, the distance between the poles or between the wire on the wooden pole and the structure. The court also denied, under exception, the motion to dismiss the plaintiff for failure to prove negligence or absence of contributory negligence.

The court charged that the sole question of negligence was whether, under all the circumstances, there was a negligent act of the defendant. It also charged, without exception, that the defendant had the right to locate the structure at the place, that there was no evidence but that the structure was proper, or that there was a better structure known or in common use, and added: " The point that I submit to you is, whether the structure constructed in the manner and left there as this was, in close proximity to this deadly wire — whether in doing that this plaintiff exercised the care of an ordinarily careful and prudent man. That is the sole question of negligence in this case which I submit to you."

I think that the proof did not justify the verdict. The plaintiff assumed all risk of danger incident to the then condition of the premises. (*Wilmot* v. *McPadden*, 79 Conn. 367, 378; *Pastorello* v. *Stone*, 89 id. 286.) In the case cited first, the head note properly states: "The so-called 'attractive nuisance' doctrine has never been sanctioned by this court as law in this State," and the court cites with approval our leading case of *Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301). *Birge* v. *Gardner* (19 Conn. 507), the principal case cited by the learned counsel for the respondent, is not in point, and is sufficiently discriminated, so far as the case at bar is concerned, by the court in *Fitzmaurice* v. *Connecticut Ry. & Lighting Co.* (78 Conn. 408, 409). *Nelson* v. *Branford L. & W. Co.* (75 Conn. 548) involved the use of a highway bridge by the defendant for its own purposes, and did not present the feature of a structure upon the defendant's own land.

The learned court declined, under exception, to charge that, even though the boy became a licensee at the place and time when and where the accident happened, at some place where the defendant had an interest, the duty would be no greater to him than to a person if he was a trespasser. Such distinction would seem to be unwarranted. (*Wilmot* v. *McPadden, supra*, 378; *Pastorello* v. *Stone, supra*, 288.) Our Court of Appeals does not distinguish between "mere trespassers or bare licensees." (*Weitzmann* v. *Barber Asphalt Co.*, 190 N. Y. 456.) The defendant asked the court to instruct the jury "that they cannot predicate a verdict upon the proposition that this was an attractive nuisance or attractive thing and attracted any child up there." The court, while saying this was true, immediately went on, as if in qualification, to charge that the jury might "consider the way this was built in deciding whether the defendant * * * should have reasonably anticipated the boy's climbing the pole." Considering this connection, it is not, I think, hypercritical to say that the defendant was entitled to the instruction without qualification. (*Wilmot* v. *McPadden, supra; Pastorello* v. *Stone supra.*)

I am of opinion that the plaintiff was bound to establish what the court in *Pastorello* v. *Stone* (*supra*, 288) terms "active negligence." (See, too, *Pomponio* v. *N. Y., N. H. &*

*& H. R. R. Co.*, 66 Conn. 528, at 537.)　In the latter case the court cites with approval *Nicholson* v. *Erie R. Co.* (41 N. Y. 525, 532), *Barry* v. *N. Y. C. & H. R. R. R. Co.* (92 id. 289) *Byrne* v. *N. Y. C. & H. R. R. R. Co.* (104 id. 362).　*Byrne's Case* (*supra,* 366, 367) cites *Larmore* v. *Crown Point Iron Co.* (101 N. Y. 391).　*Walsh* v. *Fitchburg R. R. Co.* (145 N. Y. 301), cited by the Connecticut court in *Wilmot's Case* (*supra*), expresses the liability and its limitation at pages 306 and 307.

I advise that the judgment and order be reversed and a new trial be granted, costs to abide the event.

THOMAS, STAPLETON, RICH and BLACKMAR, JJ., concurred.

Judgment and order reversed and new trial granted, costs to abide the event.