Coös,<br>
April 6, 1920.

JOSEPH O. A. DEVOST, *by his next friend* JOSEPH DEVOST *v.* THE TWIN STATE GAS & ELECTRIC COMPANY *& a.*

A license, by the owner of a vacant city lot, permitting children to occupy it as a playground is not equivalent to a license from the city to play upon a machine, the property of the city, and placed by it thereon; nor will the fact that a child, injured by the machine while upon it, was in the habit of playing in proximity thereto, justify a finding that the city impliedly authorized him to climb thereon.

If, in such case, the city was in the rightful control of its property and was guilty of no active intervention which caused the child's injury, the fact that the machine constituted an allurement to children and tended to induce them to play thereon is immaterial.

CASE, for negligence. Verdict for the plaintiff against the city of Berlin, one of the defendants. At the close of the plaintiff's evidence the court ordered a nonsuit, subject to the plaintiff's exception, in favor of the electric company and the Berlin Water Company, the other defendants. The city excepted to the denial of its motions for a nonsuit, and for a directed verdict. Transferred from the April term, 1919, of the superior court by *Branch*, J.

It appears that the city was the owner of what is termed a compressor, a machine operated by electricity, which was used to furnish power to operate a drill. The mechanical parts of the machine, with the exception of certain electric wires, were covered by or contained in a wooden structure, the sides of matched boards, and sixteen and one-half feet long, six feet wide, and eight feet high. It was supported on wheels by which it could be moved with horses from place to place. The electric power was furnished by the electric company, the connection being made by an independent electrician, who attached the wires of the compressor which were on top of it to the electric company's feed wires in the street. The current passed from the feed wires through the city's wires, which were some three feet above the top of the compressor and continued down a pole at the end of the compressor to a transformer which was inside the structure.

The water company is a public service corporation engaged in furnishing water for use in the city of Berlin. Previous to the time of the plaintiff's accident it was engaged in laying a main in Portland street to supply two additional hydrants for fire protection, at the request of the city. In doing this work a ledge of rock was encountered, and the city at the request of the water company furnished its compressor together with men to operate it for the purpose of enabling the water company to drill out the ledge. In pursuance of this arrangement the city moved the compressor onto a vacant lot near where the work was being done and after the electrical connection had been made the work of drilling was begun on July 21, 1915, and was completed on July 26, when the water company notified the city that it was through with the compressor.

The plaintiff was injured August 7 by coming in contact with the city's wires on the top of the compressor which were imperfectly insulated. Up to that time the current had not been shut off. The plaintiff was about twelve years of age and with other children had frequently played on the lot near where the compressor was located. There was evidence that on a few occasions some of the children including the plaintiff had in some way climbed upon the structure and

played upon the top of it after the men had finished their day's work. Other facts are referred to in the opinion.

*Murchie & Murchie (Mr. Alexander Murchie* orally), for the plaintiff.

*George F. Rich* (by brief and orally), for The Twin State Gas & Electric Company.

*Sullivan & Daley (Mr. Sullivan* orally), for The Berlin Water Company.

*Goss & James* and *Ira W. Thayer (Mr. Goss* orally), for Berlin.

WALKER, J. As against the city of Berlin the plaintiff claims that his injury is due to its negligence in placing upon the vacant lot the compressor upon which there were uninsulated electric wires, which the plaintiff — a boy some twelve years of age — inadvertently came in contact with, while engaged in play. It is insisted that he was rightfully on the top of the compressor and that in that position he was not a trespasser. If he was a trespasser it seems to be conceded that the city owed him no duty in respect to the safety of his position, and that he is not entitled to recover damages from it resulting from his coming in contact with electric wires, owned and maintained by it. So far as the plaintiff's rights are concerned it is not important whether the compressor was rightfully or wrongfully located upon the lot. It was put there by the city and was its property, and while in that position the plaintiff climbed upon it and received his injury from the exposed wires. To determine the question of the city's liability it is necessary to ascertain what the relation of the parties was when the accident occurred. Is the plaintiff's contention sound that he was not a trespasser when he went upon the top of the city's compressor?

There is no suggestion in the case that the agents of the city expressly authorized him to occupy its property or that it was aware that he had previously gone upon the top of the building and might do so again. Nor can it be found that it impliedly authorized him to climb to the top of the structure from the mere fact that he, with other children, was in the habit of playing upon the vacant lot in close proximity to the machine. That they were rightfully occupying the lot as a play-ground, by license from the owner, a third party, is

not evidence the city gave them a license or permitted them to play upon its property located upon the same lot. *Lavoie* v. *Company, ante,* 97. It was in the exercise of its proprietary right of using its property as it saw fit, subject to no right of others as licensees or invitees to enter upon and appropriate it for their convenience or enjoyment. If an adult had been passing his time on the lot watching the children at play and had, for purposes of his own, climbed upon the compressor, no one would undertake to say that he was not a trespasser or that he was acting under a license, express or implied, to occupy the city's property. But the fact that the plaintiff was a minor does not change the legal character of his act from what it would have been had he been an adult. *Clark* v. *Manchester,* 62 N. H. 577, 579; *Buch* v. *Company,* 69 N. H. 257; *Nappi* v. *Railway,* 78 N. H. 261, 266.

The argument that the compressor located upon their play-ground was an attractive object to the children who might naturally be induced to climb upon it while engaged in playing around it, and that consequently the plaintiff was rightfully there, to whom the defendant owed the duty of protecting him from the danger of electrocution, is not in accord with the well established doctrine of the cases in this state. In *Frost* v. *Railroad,* 64 N. H. 220, 222 it is expressly decided that cases holding in substance that the "owner of machinery or other property attractive to children is liable for injuries happening to children wrongfully interfering with it on his own premises" cannot be followed. See cases above cited. The *Frost* case has also been cited with approval in other jurisdictions. *Wilmot* v. *McPadden,* 79 Conn. 367; *Daniels* v. *Railroad,* 154 Mass. 349; *Nelson* v. *Company,* 114 Me. 213; *Paolino* v. *McKendall,* 24 R. I. 432; *Bottum's Adm'r* v. *Hawks,* 84 Vt. 370; *Walsh* v. *Railroad,* 145 N. Y. 301. The fact, therefore, if it is a fact, that the compressor constituted an allurement to children and tended to induce them to play upon it is immaterial. It did not amount to an invitation to the plaintiff to climb upon it for the purpose of amusement. As the city was in the rightful control of its property and was guilty of no active intervention in consequence of which the plaintiff received his injuries, it is not liable in this action. *Buch* v. *Company, supra; Hobbs* v. *Company,* 75 N. H. 73; *Garland* v. *Railroad,* 76 N. H. 556; *Lavoie* v. *Company, ante,* 97.

Much importance is attached by plaintiff's counsel to the case of *Thompson* v. *Company,* 77 N. H. 92, where the plaintiff, a minor, received an electric shock while playing in the highway near one

of the defendant's poles by coming in contact with a chain used to raise and lower a street lamp, which was charged with electricity. The decision is placed upon the ground or the assumption that the plaintiff at the time of the accident was rightfully in the highway and in the exercise of his highway right (*Varney* v. *Manchester*, 58 N. H. 430; *Lydston* v. *Company*, 75 N. H. 23), and inadvertently put his hand onto the chain which extended to within three or four feet of the ground. He was in no sense a trespasser and was permitted to recover in the action because he was rightfully in the highway, and, without fault on his part, came in contact with the chain which the defendant negligently maintained at that point. That case is not an authority for the plaintiff.

If it could be found that either of the other defendant companies had any control of the uninsulated wires belonging to the city and might be regarded as in possession of them and bound to exercise reasonable care to keep them in a safe condition for persons rightfully upon the top of the compressor, they were not responsible for their condition to one wrongfully in that position as a trespasser. This conclusion is the necessary result of the foregoing discussion in relation to the liability of the city. If, on the other hand, they had no control of the wires or right of possession of the compressor, as seems to be the fact, it could not be successfully argued that they were in law responsible to one who might come in contact with the wires. The relation between the parties would be that of strangers and no liability would attach. *Garland* v. *Railroad, supra; McGill* v. *Company*, 70 N. H. 125.

If it is sound law that one who furnishes electricity to another for use in the latter's building, having no ownership or control of the inside wires, may be liable for injuries received from defectively insulated wires in the building, when he has knowledge of their dangerous condition (Curtis Electricity, *s.* 417), the burden is upon the injured party to show by sufficient evidence that the defendant has such knowledge. In this case the plaintiff fails to sustain that burden. To find from the evidence that the electric company had such knowledge would be mere conjecture.

The city's exception to the denial of its motion for a verdict is sustained, and the plaintiff's exceptions to the orders of nonsuit are overruled.

*Judgment for the defendants.*

PEASLEE, J., was absent: the others concurred.