DOROTHY ABETZ, ADMX.
*vs.*
CHARLES E. THERIAULT ET AL.

Superior Court          Hartford County          File No. 63420

MEMORANDUM FILED NOVEMBER 6, 1940.

*Joseph Solomon,* of Hartford, for the Plaintiff.
*Harry R. Cooper,* of Meriden, for the Defendants.

QUINLAN, J. As a third defense to this action by the administratrix of a deceased child, the defendants claim that inasmuch as any damages recoverable must be distributed to the parents of the child in accordance with the law concerning the distribution of personal estate, the plaintiff cannot recover. This claim is based on the claimed negligence of the parents, which would result, because of the statute, in their unjust enrichment.

Certainly there is no room for disagreement on the proposition that the negligence of the parents substantially contributing to the injury would not bar a recovery. *Daly vs. Norwich & Worcester R.R. Co.,* 26 Conn. 591; *Murphy vs. Derby Street Ry. Co.,* 73 id. 249. Neither does there longer seem to be an open question in this State on the more vital question of parents sharing in the benefits, when guilty of neglect. It is true that in the *Murphy* case, *supra,* the court cited a Georgia case which gives substance to the contention. Judge Hamersley, who wrote the opinion in the *Murphy* case, also wrote the opinion in *Wilmot vs. McPadden,* 78 Conn. 276, and definitely disagrees with such a view (page 285), even though he remarks that such a claim was not pleaded. In the case at bar, the estoppel is pleaded but sufficient has transpired since the *McPadden* case, *supra,* to indicate the lack of substance in such a claim. *See Davis vs. Margolis,* 108 Conn. 645.

The demurrer to the third defense is sustained.